### GOINS v. SOUTHERN PAC. CO.

(District Court, N. D. California, Second Division. July 29, 1912.)

#### No. 15,546.

REMOVAL OF CAUSES (§ 103*)—PROCEDURE—NOTICE OF APPLICATION.

The provision of the federal Judicial Code (Act March 3, 1911, c. 231, § 29, 36 Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 142]) that in proceedings instituted in a state court for the removal of a cause "written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same," while not jurisdictional in the strict sense, nor intended to change the established procedure by vesting in the state court the power to pass on the right of removal if the papers are formally sufficient, is nevertheless one of substance, and, if not complied with and objection is duly made, the federal court cannot ignore it and retain jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 221; Dec. Dig. § 103.*]

At Law. Action by John M. Goins against the Southern Pacific Company. On motion to remand to state court. Motion granted.

William J. Herrin, of San Francisco, Cal., for plaintiff.

George F. Buck, of Stockton, Cal., and A. A. Moore and Stanley Moore, both of San Francisco, Cal., for defendant.

VAN FLEET, District Judge. This action was commenced in the state court since the taking effect of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087 [U. S. Comp. St. Supp. 1911, p. 128]), and in due time the defendant took certain steps to remove the cause here. It filed its petition, the formal sufficiency of which is not questioned, disclosing a controversy between citizens of different states, and that the amount involved is such as to give this court jurisdiction;

and it accompanied its petition with a proper bond, and duly procured from the state court a formal order of removal. But the defendant wholly failed, for what reason does not appear, to give notice to the adverse party of its purpose to take these proceedings to remove, as required by the Code (section 29), and, basing his motion solely on that ground, the plaintiff now asks that the cause be remanded, upon the theory that the omission of notice is fatal to the sufficiency of the proceeding.

As presented in the briefs, the question is made to depend upon whether the requirement of notice is fundamental and jurisdictional, as contended by the plaintiff, or is merely modal and formal and its omission but an irregularity, which will not defeat jurisdiction, as urged by defendant. I regard it as involving an inquiry somewhat broader than that. The requirement of notice of removal proceedings is new to the Code, not having found a place in any previous legislation upon the subject; and owing, perhaps, to the brief period elapsing since that act took effect, no question involving this feature has, so far as appears, before arisen. Its effect must therefore be determined largely, if not wholly, from a consideration of the purpose intended to be subserved thereby, and those considerations, in view of the history of the previous legislation and its construction by the courts, give rise to the uncertainty involved. In all respects other than the requirement of notice, section 29 is, in substantive effect, but a rescript of the provisions on the mode of removal as they existed at the time the Code took effect; the other changes being formal and in matters of detail. It provides, precisely as did the act of 1887 (Act March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508]), for the filing in the state court within a given time of a petition for removal, to be accompanied by a bond, the conditions of which are the same in all respects as there required. This is followed by the provision as found in that act, that:

"It shall then be the duty of the state court to accept said petition and bond and proceed no further in said suit."

Then comes the provision in question, in these words:

"Written notice of said petition and bond for removal shall be given the adverse party or parties, prior to filing the same."

The remaining features of the section, relating to proceedings in this court, are in substance as found in the previous act.

The questions arising upon the provisions of the statute as they existed before supplanted by the Code had been mostly settled by judicial construction. Under those provisions, in the absence of any requirement of notice, the proceeding was treated as purely ex parte, and the functions of the state court were regarded as largely formal and perfunctory. Upon the filing of a petition showing a case for removal, accompanied by a proper bond, it was the duty of the state court upon application to make a formal order for removal and proceed no further; but, if it failed or refused to do so, the cause nevertheless stood removed, and the moving party could proceed to file

a copy of the record in the federal court. Wabash Western Ry. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. No issues of fact upon the averments of the petition could be raised or tried in the state court, but all such questions were to be heard and disposed of in the federal court to which the cause was removed. And while the state court was not bound to surrender its jurisdiction upon a record which on its face did not in its judgment disclose a case for removal, its refusal was at the peril of having its judgment set aside by the Supreme Court of the United States, should its ruling prove erroneous. Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962, and cases there cited. In other words, it may be stated broadly that, under the procedure obtaining before the Code, ipso facto, upon the filing of the requisite petition and bond, the state court was ousted of jurisdiction in the premises; and all questions as to defects or irregularities appearing in the proceedings were to be passed upon and determined by the federal court. Black's Dillon on Removal of Causes, §§ 191, 192. Of course, if an order of removal was procured in a case not subject thereto, or where the proceedings were so defective in substance as not to admit of the retention of the cause, then it was the duty of the federal court to remand it, upon the theory that the latter had not acquired jurisdiction by the order, nor the state court lost it.

Such being the settled state of the law, what was the purpose intended to be subserved by the requirement of preliminary notice of such proceedings in the state court? Plaintiff, as indicated, takes the extreme ground that it was intended to make the notice a jurisdictional prerequisite, in the absence of which the proceeding cannot be competently initiated. If by this is meant that it is jurisdictional in the same sense that a cognizable controversy is necessary, I cannot accede to the proposition, since manifestly, under well-settled principles, the requirement of notice may be waived. And if plaintiff intends to assert, as would seem to be implied by his argument, that by this new requirement Congress intended to work so radical a change in the effect of removal proceedings as vesting in the state, instead of the federal, courts the power to pass upon the sufficiency of such proceedings, to this I am equally unable to assent, since the provisions of the act in other respects, in the light of established principles of construction, do not sustain any such theory. Moreover, it is at variance with the rule of construction provided by the Code itself (section 294) for the interpretation of its provisions.

But I do not deem it at all needful to ascribe to Congress the intention to bring about a change in the established procedure so fundamental as that suggested, in order that we may perceive a sufficiently valuable purpose to be subserved by the requirement. The right of removal is justly regarded as one of great moment to the suitor, and its exercise not infrequently involves important changes in the aspects, if not the results, of the controversy; and the history of many cases involving the right tends to disclose the great desirability, if not the necessity, in order to fully protect the rights of the adverse party, by

avoiding expensive and unseemly delays and other inconveniences of a more or less serious nature that some notice of the proceeding be had. Appreciating this, courts in some instances have undertaken to supply the omission by a rule requiring notice (Chiatovich v. Hanchett [C. C.] 78 Fed. 193; Creagh v. Equitable, etc., Soc. [C. C.] 83 Fed. 849); and while they have eventually been compelled to hold that, no notice being required by the statute, none could be insisted upon as essential to the exercise of the right, no court has undertaken to belittle the value of such a provision in the law. The matter of surprise is, therefore, in view of the importance of the right, not that Congress should now have seen fit to make the requirement, but that it should not have earlier perceived the propriety of so doing. Without the effect of materially changing the method of procedure, it will tend to protect the parties and the courts as well, not alone against mistakes and delays in proceedings genuinely instituted, but against unwarranted and frivolous attempts to exercise the privilege in instances where no real right exists. And, speaking in a general way, I entertain little doubt that it was for reasons such as indicated in the class of cases referred to that the requirement of notice has been prescribed.

This view, however, does not aid defendant's position. Defendant relies solely upon cases to the effect that, the cause being one within the jurisdiction of the court, errors or irregularities in merely formal matters, directory in nature and not involving the substance of the right, will be overlooked or allowed to be corrected by amendment, and that the court will not for such a lapse remand the cause. Deford et al. v. Mehaffy (C. C.) 14 Fed. 381; Bryant Bros. v. Robinson, 149 Fed. 321, 79 C. C. A. 259; Northern Pacific T. Co. v. Lowenberg (C. C.) 18 Fed. 339; Woolridge v. McKenna (C. C.) 8 Fed. 650. These cases do not meet defendant's necessities, for such is not this case. If it were a question of the formal sufficiency of a notice actually given, those cases would present some analogy; but it is an instance where a plain and unequivocal requirement of the statute has been wholly ignored, and it is now too late to supply the omission by amendment. The right of removal is purely statutory, and it has always been required that the statute be complied with in its substance. Can it be said that notice, prescribed as the initial step in the proceeding, is not of the substance? It matters not in such a case that the requirement be one not intended as jurisdictional in the extreme sense that it may not be waived. It has not here been waived, and must, I am satisfied, be considered as sufficiently of the substance that it may not be disregarded against objection. As I regard it, it is akin in its jurisdictional effect to the requirement of the statute involved in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, and In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164, that "suit shall be brought only in the district of the residence of either the plaintiff or the defendant." In analogy with the ruling made in the last case as to the effect of that requirement, if notice be waived, its lack will not prevent jurisdiction attaching; but if it be lacking, and the

objection duly insisted upon, the court cannot ignore it and retain jurisdiction.

But if I am at fault in the views expressed, the case must nevertheless be remanded. The question involved is obviously such as to give rise to a substantial doubt as to the right to retain this cause, and the established rule in such instances is that the doubt must be resolved against the jurisdiction here, which is purely the creation of the statute, and in favor of the state court as to whose jurisdiction no question can arise.

Accordingly the motion to remand will be granted.