UNITED STATES ex rel. BUTTERWORTH & LOWE v. SESSIONS, Judge.

(Circuit Court of Appeals, Sixth Circuit. May 16, 1913.)

No. 2,329.

1. COURTS (§ 280*)—FEDERAL COURTS—JURISDICTION—DETERMINATION.

The power of the federal court to determine whether a removed cause shall be remanded applies as well to a case without as a case within its jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 230.*]

2. COURTS (§ 405*)—FEDERAL COURTS—JURISDICTION—CIRCUIT COURT OF APPEALS.

The Circuit Court of Appeals has no jurisdiction, either on a writ of error or by appeal, to review a decision of the District Court which involves only a question of the jurisdiction of that court, as the remedy lies exclusively in the Supreme Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. § 405.*]

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

3. COURTS (§ 405*)—FEDERAL COURTS—CIRCUIT COURT OF APPEALS—JURISDICTIONAL QUESTIONS.

Where a case has been tried in a District Court on its merits, and is brought to the Circuit Court of Appeals with assignments of error raising a jurisdictional question, as well as an independent question of general law, the Circuit Court of Appeals has jurisdiction to determine all the questions in the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. § 405;* Appeal and Error, Cent. Dig. § 3306.]

4. COURTS (§ 404*)—CIRCUIT COURT OF APPEALS—JURISDICTION TO ISSUE MANDAMUS.

The jurisdiction of the Circuit Court of Appeals to issue mandamus is incidental only to other powers expressly conferred, and will not be exercised where there is nothing to which the right to issue such writ can be appended as an incident.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 404.*]

5. COURTS (§ 385*)—FEDERAL COURTS—SUPREME COURT—REMOVED CAUSE.

The Supreme Court will not entertain a mandamus proceeding to review an order of the District Court denying a motion to remand a civil case to the state court; the jurisdiction of a District Court being reviewable after a trial on the merits by appeal or writ of error.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1022–1025, 1031; Dec. Dig. § 385.*]

Application by the United States, on relation of Butterworth & Lowe, a corporation, for writ of mandamus against Clarence W. Ses-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sions, Judge of the District Court of the United States for the Sixth Circuit and Western District of Michigan, Southern Division, to compel defendant to dismiss from such court and remand to the Circuit Court of Kent County, Mich., a removed cause entitled "Butterworth & Lowe v. Acme Cement Plaster Company." Denied.

Hyde, Earle & Thornton, of Grand Rapids, Mich., for petitioner.

Kleinhans & Knappen, of Grand Rapids, Mich., for respondent.

Before WARRINGTON and DENISON, Circuit Judges, and SATER, District Judge

WARRINGTON, Circuit Judge. The relator prays for a writ of mandamus requiring the District Judge to dismiss from the District Court of the United States and remand to the circuit court for the county of Kent, Mich., a certain cause, entitled "Butterworth & Lowe, a Corporation, Plaintiff, v. Acme Cement Plaster Company, a Foreign Corporation, Defendant." That suit is one at law and of a civil nature. Admittedly it is one of which the state court had full jurisdiction, both as to parties and subject-matter. A petition for removal to the District Court was filed in due time in the state court by the defendant in that suit, showing diverse citizenship and residence in accordance with the removal statute. The petition was accompanied by a bond in the sum of $500, with sureties, and was approved by the court. The day following the filing of the petition for removal counsel for the defendant gave written notice to counsel for the plaintiff of the filing of such petition and bond and its approval, stating that thereby removal was effected. Within 30 days of the filing of the petition, the transcript of record was filed in the District Court. Apart from the notice, it is admitted that the transcript affirmatively shows the necessary jurisdictional facts to warrant removal to the District Court.

The plaintiff in the original suit entered a motion in the District Court, without limiting in terms the object of its appearance, to dismiss the cause and remand it to the state court on the ground:

"That no notice whatever was served upon or given to the plaintiff in said cause before the filing of the petition for removal in the circuit court for the county of Kent, as provided in sections 28 and 29 of the Judicial Code." [Act March 3, 1911, c. 231, 36 Stat. 1094, 1095 (U. S. Comp. St. Supp. 1911, pp. 141, 142)].

The motion was overruled. Several reasons were assigned by the court, to the effect that the requirement of notice is not jurisdictional or mandatory, but merely directory, and that failure to serve notice prior to the filing of the petition and bond was simply an irregularity, which worked no injury to the adverse party. The portion of the removal section thus involved provides:

"Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same." Judicial Code, § 29.

[1] Section 29 was derived from section 3 of the Removal Act of August 13, 1888, c. 866, 25 Stat. 435 (U. S. Comp. St. 1901, p. 510), and the portion respecting prior written notice was the only change

of importance introduced. The requirement of notice was changed in Congress from that of "due notice" to "written notice." The language in form is imperative. Why should not such prior notice be regarded as an essential step in the process of removal? The rule is that, since the right to remove is statutory, in order "to effect a transfer of jurisdiction all the requirements of the statute must be followed." Babbitt v. Clark, 103 U. S. 606, 610 (26 L. Ed. 507). The provision is either mandatory or inoperative. There is no middle course. The mandate must be carried into effect or be practically destroyed. However, we cannot, at this stage, definitely pass upon the question, for after all the present record presents only a question of jurisdiction. The power in a district court to determine such a question applies as well to a case without as to a case within its jurisdiction.

The inquiry, then, is whether, in a mandamus proceeding, this court is invested with power to reverse the action of the District Court in denying the motion to remand and so taking jurisdiction of the cause. There are several controlling reasons why the question must be answered in the negative.

[2, 3] One is that this court has no power, even on error or appeal, to review a decision of the District Court which involves only a question of the jurisdiction of that court. The remedy lies exclusively in the Supreme Court (Remington v. Central Pacific R. R. Co., 198 U. S. 95, 97, 25 Sup. Ct. 577, 49 L. Ed. 959; Olds v. Herman H. Hettler Lumber Co., 195 Fed. 9, 11, 115 C. C. A. 91 [C. C. A. 6th Cir.]; Coler v. Grainger County, 74 Fed. 16, 21, 20 C. C. A. 267 [C. C. A. 6th Cir.]; Loveland, App. Jur. § 103, p. 222); but if the case should be tried on its merits in the court below, and brought to this court with assignments of error raising an independent question of general law, this court would have power to hear and determine all the questions (see cases last cited, and A. J. Phillips Co. v. Grand Trunk Western Ry. Co., 195 Fed. 12, 15, 115 C. C. A. 94 [C. C. A. 6th Cir.]; Smith v. Farbenfabriken of Elberfeld Co. (C. C. A.) 203 Fed. 476, 478 [C. C. A. 6th Cir.]). Thus, at least two statutory remedies are open for ultimate review of the disputed question of notice; one is in the Supreme Court and the other in this court.

[4] Another reason is that the right in this court to issue writs of mandamus is incidental to other powers expressly conferred; and it need not be said that, since the power to review simply a question of jurisdiction in the court below does not reside in this court, there is nothing to which the right to issue such a writ can be said to be an incident. United States v. Severens, District Judge, 71 Fed. 768, 770, 18 C. C. A. 314 (C. C. A. 6th Cir.).

[5] Furthermore, it is now settled that the Supreme Court itself will not entertain a proceeding in mandamus to review an order of a District Court denying a motion to remand a civil case to a state court. Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392. The court there reaffirmed the doctrine laid down in Ex parte Hoard, 105 U. S. 578, 26 L. Ed. 1176, in which it was held, as interpreted by Mr. Chief Justice White in Ex

parte Harding, 219 U. S. at page 376, 31 Sup. Ct. at page 328, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392:

"That where in a civil case statutory remedies by error or appeal are provided for the ultimate review of errors committed by a court in determining its jurisdiction, such statutory provisions are, in their nature, exclusive, and therefore deprive [the court] of the right to resort to the remedy by mandamus. * * *"

It results that in this proceeding we are without power to pass upon the question of notice, and that the writ must be denied, with costs.