### LOLAND v. NORTHWEST STEVEDORE CO.

(District Court, D. Oregon. December 22, 1913.)

#### No. 6213.

REMOVAL OF CAUSES (§ 103*)—NOTICE—NECESSITY.

Where a written notice of a petition and bond for removal of an action from a state court is not given to the adverse party prior to filing such instruments, as required by Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 142]) § 29, the case will be remanded to the state court, though a copy of the petition and bond has been served.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 221; Dec. Dig. § 103.*]

Action by Marcus Loland against the Northwest Stevedore Company, a corporation. Motion to remand allowed.

John F. Logan and Littlefield & Smith, all of Portland, Or., for plaintiff.

John H. Hall, of Portland, Or., for defendant.

BEAN, District Judge. Section 29 of the Judicial Code provides that written notice of a petition and bond for removal of an action from a state court shall be given the adverse party prior to the filing of the same. This requirement is one of substance, and if not complied with, the federal court cannot ignore it and retain jurisdiction if seasonable objection is made. Wanner v. Bissinger & Co., decided by this court on September 29, 1913; Goins v. Southern Pac. Co. (D. C.) 198 Fed. 432; United States v. Sessions, 205 Fed. 502, 123 C. C. A. 570.

The statute does not prescribe the length of time the notice shall be given prior to the filing of the petition and bond, but only that it shall be prior thereto. Before the adoption of the Judicial Code no notice of a removal application was necessary, but upon the filing of proper

petition and bond in the state court it was made the duty of that court to accept the same and proceed no further in the suit. The adoption of the Judicial Code has made an important change in this regard by requiring prior written notice of the petition and bond. This notice is a matter of substance; and, since the right of removal is statutory, all the requirements of the statute must be followed in order to effect the transfer. A prior written notice is therefore an essential step in the proceedings. The purpose of the statute is that the adverse party shall be advised of the intention to file such petition and bond in order that he may have an opportunity to appear in the state court and resist the removal if he so desires. Since no time is fixed in the federal statute, the practice of the state court in the matter of notice will, no doubt, govern, and prior written notice in accordance therewith will be sufficient. Chase v. Erhardt (D. C.) 198 Fed. 305. But there must be such a notice, and the mere serving of a copy of the petition and bond without more is not enough, and especially in a case where, as here, the state court has made no finding on the question of notice.

The record is that on the 12th day of November, 1913, the attorney for the plaintiff accepted in writing service of the petition for removal, reserving, however, the right to remand, and on the same day the petition and bond were filed in the state court and the order of removal made. No prior written notice of intention to file such petition and bond, or of the time when they would be filed or the application for an order of removal would be made, was given the plaintiff. If such a proceeding is a compliance with the requirements of the removal act, then Congress accomplished nothing of substance by inserting the provision requiring prior written notice. As said by the Court of Appeals of the Sixth Circuit, in United States v. Sessions, supra:

"The provision is either mandatory or inoperative. There is no middle course. The mandate must be carried into effect or be practically destroyed."

It follows that the motion to remand must be allowed, and it is so ordered.