POTTER v. GENERAL BAKING CO.

(District Court, D. Rhode Island. May 7, 1914.)

No. 1202.

REMOVAL OF CAUSES (§ 84*)—APPLICATION TO REMOVE—NOTICE—SUFFICIENCY.

A notice to plaintiff's attorney that defendant was about to file a peti-. tion to remove the cause to the District Court of the United States for the District of Rhode Island and a bond on removal duly executed by defendant as principal and a certain surety company as surety, and that the petition and bond would be presented to a justice of the superior court for action immediately, served on the morning of the day on which the removal papers were presented to the judge of the superior court, was a sufficient compliance with Judicial Code (Act March 3, 1911, c. 231) § 29, 36 Stat. 1095 (U. S. Comp. St. Supp. 1911, p. 142), providing that written notice of a petition and bond for removal shall be given the adverse party or parties prior to filing the same; it not being necessary that the notice should specify the time or place where the petition and bond would be presented, the proceeding for removal being ex parte.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 164; Dec. Dig. § 84.*]

At Law. Action by Frank A. Potter against the General Baking Company. On plaintiff's motion to remand the cause. Denied.

Boss & Barnefield, of Providence, R. I., for plaintiff.

Gardner, Pirce & Thornley, of Providence, R. I., for defendant.

BROWN, District Judge. This is a motion to remand to the state court a removed case, and is based upon the provision of section 29 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 142]), which reads:

"Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same."

The question is as to the sufficiency of the notice. The notice was as follows:

"To Wayne H. Whitman, Attorney for the Plaintiff:

"You are hereby notified that the General Baking Company, defendant in the above entitled cause, is about to file in said superior court a petition that the above entitled cause be removed into the District Court of the United States for the District of Rhode Island, and also a bond on removal duly executed by said General Baking Company as principal and by the American Surety Company of New York as surety, and that said petition and bond will be presented to a justice of said superior court for action thereon immediately.                    Gardner, Pirce & Thornley, Attys. for Deft."

It was served upon plaintiff's attorney in the forenoon of Wednesday, March 11, 1914. In the afternoon of said day removal papers were presented to a judge of the superior court, and an order for removal to this court was made by said judge and filed with the petition

and bond on March 12th, with the clerk of the superior court of Kent county.

It is urged that the notice gave no information as to when or where the petition and bond would be presented to a judge of the superior court, and gave the plaintiff or his attorney no opportunity to be present.

It is contended that the purpose of the provision is that the adverse party shall be advised of the intention to file such a petition and bond, in order that he may have an opportunity to appear in the state court and resist the removal, if he so desires.

It is also urged that since no time is fixed in the federal statute the practice of the state court should govern, as stated in chapter 290, §§ 2 and 4, of the General Laws of Rhode Island, which provide for service of notice at least 48 hours before a motion is called for hearing. The petitioner relies upon Loland v. North Western Stevedore Co. (D. C.) 209 Fed. 626, and Chase v. Erhardt (D. C.) 198 Fed. 305.

This provision was considered in Goins v. Southern Pacific Co. (D. C.) 198 Fed. 432, in United States v. Sessions, 205 Fed. 502, 123 C. C. A. 570, and in Wanner v. Bissinger & Co. (D. C.) 210 Fed. 96.

It is argued that, as the notice is to be given prior to filing, this contemplates a hearing, and therefore a reasonable opportunity to prepare for attendance at the hearing. This, however, is merely inference, and not a necessary inference, and would work a considerable change from the former practice. Such change is not to be inferred unless clearly manifest. Judicial Code, c. 13, § 294.

Ordinarily the sufficiency in point of form of the petition and the sufficiency of the bond for removal have been matters upon which a hearing before the state court has not been required, and it is not necessary to infer, from the provision for "written notice of such petition and bond prior to filing," that notice is also required of the time of presentation of the petition and bond to the judge for the entry of an order for removal. It was doubtless the purpose of the amendment to give the adverse party prompt notice of the exercise of the right of removal, and it does not seem clear that the provision had any other purpose.

The notice in the present case was sufficient to inform the plaintiff of the intention to remove the cause immediately, and meets the literal terms of the statute.

The fact that an order for removal was entered by a judge of the superior court indicates that upon the face of the petition there appeared a proper cause for removal, and that the bond was considered a proper bond. The entry of the order ex parte was in conformity to the long-established practice, and in my opinion there was no irregularity in the entry of such order without hearing the adverse party.

It is not now urged that there was any insufficiency in the petition for removal or bond. As under the former practice there was no right to a hearing, and as this added provision for notice is not for notice of a hearing, and as the amendment can be given due effect as a provision for notice of the exercise of a right of removal, I am of the opinion that there has been a sufficient compliance with the statute.

Furthermore, it does not seem to be consistent with the theory of section 29, which provides a procedure for the exercise of a statutory right, to impose upon the state court any duty additional to that which existed before the insertion of this provision for notice. See Goins v. Southern Pacific Co. (D. C.) 198 Fed. 432.

The motion to remand is denied.