## CROPSEY v. SUN PRINTING & PUBLISHING ASS'N.

### (District Court, D. New Jersey.   July 9, 1914.)

1. REMOVAL OF CAUSES (§ 84*)—NOTICE—SUFFICIENCY.
    A notice of intent to file a removal petition served March 28, 1914, and stating that such petition and bond would be filed "on or before" April 2, 1914, was not fatally defective on the ground that the date of filing was uncertain.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 164; Dec. Dig. § 84.*]

2. REMOVAL OF CAUSES (§ 89*)—REMOVAL PROCEEDINGS—PETITION AND BOND—SUFFICIENCY—DETERMINATION BY STATE COURT.
    Since defendant is entitled to file a petition and bond for removal of a cause regardless of any objection that plaintiff might interpose in the state court and the failure of that court to order removal will not prevent the federal court from acquiring jurisdiction, whether the petition and bond comply with the removal act is not for the final determination of the state court.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 165, 189, 192–195, 197, 200, 201; Dec. Dig. § 89.*]

3. REMOVAL OF CAUSES (§ 84*)—REMOVAL PROCEEDINGS—NOTICE.
    While the requirement of Jud. Code, § 29 (Act March 3, 1911, c. 231, 36 Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 142]), for the service of notice of intent to file a removal petition and bond is mandatory and jurisdictional in a limited sense, such requirement does not change the respective powers of the state and federal courts with reference to jurisdiction to ultimately determine the validity of removal proceedings.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 164; Dec. Dig. § 84.*]

4. REMOVAL OF CAUSES (§ 102*)—PROCEEDINGS—ATTACK.
    The sufficiency of removal proceedings may be attacked in the federal court on any ground available in the state court.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–220, 223, 224; Dec. Dig. § 102.*]

5. REMOVAL OF CAUSES (§ 103*) — REMOVAL PROCEEDINGS — IRREGULARITIES — REMAND.
    Where a cause has been removed and is removable under the removal act, it will not be remanded for irregularities which can be remedied and which have worked no injury to the adverse party.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 221; Dec. Dig. § 103.*]

At Law.   Action by Eva P. Cropsey against the Sun Printing & Publishing Association.   On motion to remand the case to the state court.   Denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Herbert Clark Gilson, of Jersey City, N. J., for plaintiff.
Lindabury, Depue & Faulks, of Newark, N. J., for defendant.

RELLSTAB, District Judge. The only ground of the motion is that the notice of intended removal given is insufficient.

Section 29 of the Judicial Code requires that written notice of the petition and bond for removal be given the adverse party prior to filing the same. The petition and bond for removal were filed on March 30, 1914. The notice was served on March 28, 1914, and stated that such petition and bond would be filed "on or before the 2d day of April, 1914." The insufficiency asserted is that no definite day or time was named when such paper would be filed.

The notice was within the letter of the law. Was it within its purpose?

[1] The plaintiff does not disclose, and it is not apparent, what better purpose would have been served, or what greater advantage she would have gained, had the notice stated the exact time when such petition and bond were to be filed. If, as suggested, the legislative purpose was to "give the adverse party an opportunity to be heard as to whether the petition and bond were 'requisite,'" that opportunity was as available to the plaintiff by the notice given as if the exact time when such petition and bond were to be filed had been stated.

[2, 3] Whether the petition and bond comply with the federal statute is not for final determination by the state court. The defendant has the right to file the petition and bond, regardless of any objection the plaintiff might interpose, and the failure of the state court to order a removal would in no way prevent the cause from getting into the federal court. Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870. Under the old procedure, all questions as to defects or irregularities appearing on the face of the proceedings to remove were ultimately for the determination of the federal court; and the present requirement that a notice of such intended removal be given, while mandatory (United States v. Sessions, 205 Fed. [C. C. A. 6] 502, 123 C. C. A. 570, and Wanner v. Bissinger & Co. [D. C.] 210 Fed. 96), and perhaps jurisdictional in a limited sense (Goins v. Southern Pac. Co. [D. C.] 198 Fed. 432), in no wise changed the respective powers of the state and federal courts in that regard (Goins v. Southern Pac. Co., supra, and cases cited).

[4] Any objection that the plaintiff could have made to the papers while in the state court she can make here. She has therefore lost no opportunity "to be heard as to whether the petition and bond were 'requisite.'" She can make such objections here, and here only they may be finally determined, regardless of any disposition the state court might make in the premises.

[5] Where a cause has been removed and falls within the act of Congress, it will not be remanded for irregularities which can be remedied and have worked no injury to the adverse party. Woolridge v. McKenna (C. C.) 8 Fed. 650, 667.

The main, if not the only, purpose of the statutory requirement as to notice, is that the plaintiff be seasonably advised of the defendant's

intention to remove the cause. This the notice under consideration did. In Chase v. Erhardt (D. C.) 198 Fed. 305, the furnishing of plaintiff's counsel with a copy of the petition for removal was deemed sufficient notice under this statute. In Hansford v. Stone-Ordean-Wells Co. (D. C.) 201 Fed. 185, the notice, accompanied by copies of the removal papers to be filed, was served on the day that such papers were filed. This was also held sufficient.

No substantial right of the plaintiff as a suitor in the state court was or could have been invaded by the filing of the removal papers on a day between the date of serving such notice and that specifically named therein. In the present case, the notice given is not disserving of the statutory requirement, and the motion to remand is denied.