### ARTHUR v. MARYLAND CASUALTY CO.

(District Court, D. Massachusetts. July 31, 1914.)

No. 508.

REMOVAL OF CAUSES (§ 84*) — REMOVAL PROCEEDINGS — NOTICE — OMISSION — REMAND.

Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 142]) § 29, providing that written notice of intent to file a petition and bond for removal shall be given to the adverse party prior to filing the same, is mandatory, so that an unexcused failure to give such notice is ground for remand.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 164; Dec. Dig. § 84.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Rachel Arthur against the Maryland Casualty Company. On motion to remand. Granted.

Sullivan Bros., of Lawrence, Mass., for plaintiff.

Edward I. Taylor, of Boston, Mass., and J. W. Britton, of Hartford, Conn., for defendant.

DODGE, Circuit Judge. It is not disputed that the transcript of record filed here affirmatively shows the necessary jurisdictional facts to warrant removal. The plaintiff is a citizen of Massachusetts, the defendant a citizen of Maryland, and the amount involved more than $3,000, exclusive of interest and costs. The necessary bond has been filed and accepted by the state court. But the defendant did not give the plaintiff "written notice of said petition and bond for removal * * * prior to filing the same," as required by section 29 of the Judicial Code. There is nothing to excuse the omission; and the plaintiff, who cannot be said to have waived the requirement, now insists upon the failure to comply with it as a ground for her motion to remand.

Under such circumstances it has been held in Goins v. Southern Pacific Co., 198 Fed. 432, Loland v. Northwest Stevedore Co., 209 Fed. 626, and Wanner v. Bissinger & Co., 210 Fed. 96, that the requirement is mandatory, and failure to comply with it ground for remanding the case. These are District Court decisions. In United States v. Sessions, 205 Fed. 502, 123 C. C. A. 570, the Court of Appeals for the Sixth Circuit evidently took the same view, though it denied an application for mandamus to a District Court which had refused to remand for want of written notice. In Potter v. General Baking Co. (D. C.) 213 Fed. 697, there had been a written notice, and the only question was as to its sufficiency. Even if I did not agree, as I do, with the view that a case cannot be retained in the federal court unless the written notice has been duly given or waived, there can be no question that the doubt as to the right to retain it is substantial and must be resolved against the jurisdiction here. Goins v. Southern Pacific Co. (D. C.) 198 Fed. 432, 436.

The motion to remand is granted.