16059.   GRAVES *et al. v.* COLQUITT COUNTY.

To remove a cause from a State court to the United States court, under section 29 of the Judicial Code of the United States, written notice of the petition and bond for removal must be given to the adverse party before the filing of the petition; and where this requirement is not complied with, the United States court will not take jurisdiction of the petition. Where timely objection because of such noncompliance was made in the State court, and the petitioner for removal conceded that no such notice had been given, that court did not err in denying the petition.

The word "vicinage," in section 678 of the Civil Code (1910), which provides for the summoning of a jury of freeholders "from the vicinage," to try before a justice of the peace the issue as to damage to a landowner from the laying of a new road through his land, means the neighborhood, or surrounding or adjoining district; and its extent does not depend upon an arbitrary rule of distance or topography, but varies according to the sparseness or density of settlement in country or city districts. It was not error for the presiding justice to overrule the landowners' challenge to the array and objections to the jurors on the ground that they had not been summoned "from the vicinage," because they lived within the city limits of Moultrie, about two miles from the road and land in question; it appearing from the record that the city limits were only about a mile and a half from the land, that some of the jurors summoned lived within and some without the city limits, and that some of them owned land within a short distance of the proposed road and some owned land adjacent to the land of the complaining owners, although the jurors lived an average distance of two miles from the land and others might have been drawn who lived as near or nearer than those served.

It appearing from the petition for certiorari, filed by the landowners and complaining of an award of $600 in their favor, as being "much less than the amount claimed by" them, that the evidence "was sufficient to support a verdict in the amount rendered," though it appeared also that it would support a verdict for "any amount up to $7500," the judge of the superior court did not err in overruling the certiorari.

DECIDED AUGUST 21, 1925.

Certiorari; from Colquitt superior court—Judge W. E. Thomas. October 10, 1924.

*Humphreys & DeLoache,* for plaintiffs in error.

*P. Q. Bryan,* contra. ·

JENKINS, P. J. 1. Section 29 of the Judicial Code of the United States provides that the party desiring to remove a suit of the nature described from a State court to the district court of the United States "may make and file a petition, duly verified, in such suit in such State court . . for the removal of such suit into the district court to be held in the district where such suit is pend-

ing, and shall make and file therewith a bond. . . It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same." 5 Fed. Stat. Ann. (2d ed.), 235 (U. S. Comp. Stat., § 1011). This provision as to the giving of notice is mandatory, and where objection to a failure to give it has not been waived but has been duly made, the courts of the United States will not take jurisdiction. Goins *v.* So. Pac. Co., 198 Fed. 432; Wanner *v.* Bissinger, 210 Fed. 96; Arthur *v.* Maryland Casualty Co., 216 Fed. 386; Loland *v.* N. W. Stevedore Co., 209 Fed. 626. While it is a well-recognized rule that, upon compliance with this section, removal becomes automatically accomplished (Home Life Ins. Co. *v.* Dunn, 19 Wall. 214, 22 L. ed. 68; Nat. Steamship Co. *v.* Tugman, 106 U. S. 118, 27 L. ed. 87; Marshall *v.* Holmes, 141 U. S. 589, 12 S. Ct. 62, 35 L. ed. 870; N. Y. Mut. Life Ins. Co. *v.* Langley, 145 Fed. 415; Duff *v.* Hildreth, 183 Mass. 440, 67 N. E. 356), that the State courts determine only questions of law as to whether a case has been made "which, upon its face, shows that the petitioner can remove the case as a matter of right" (Removal Cases, 100 U. S. 457, 25 L. ed. 593; Stone *v.* S. C., 117 U. S. 430, 432, 6 S. Ct. 799, 29 L. ed. 962, 963), and that issues of fact affecting removability are to be raised and decided in the Federal courts upon motion to remand (Burlington R. Co. *v.* Dunn, 122 U. S. 513, 30 L. ed. 1159; Chesapeake & O. R. Co. *v.* Cockrell, 232 U. S. 146, 34 S. Ct. 278, 58 L. ed. 544; Shane *v.* Butte Electric R. Co., 150 Fed. 801; Donovan *v.* Wells, 169 Fed. 363, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250), it is also the rule that, "since the right to remove is statutory, in order to effect a transfer of jurisdiction, all the requirements of the statute must be followed." Babbitt *v.* Clark, 103 U. S. 606, 610 (26 L. ed. 507); U. S. *v.* Sessions, 205 Fed. 502, 504. Thus, where the party contesting removal desires to raise an issue of fact that he has not been served with the required written notice, it is the usual practice to do so in the Federal court upon a motion to remand after the removal; but where, as here, such a question has been raised in the State court and there is no issue of fact, but it is conceded by the petitioner for removal that notice was not given, the State court is not precluded from continuing to hold jurisdiction of the cause. See

Kansas City Suburban Belt R. Co. *v.* Herman, 187 U. S. 63 (47 L. ed. 76) ; Mo. Pac. R. Co. *v.* Fitzgerald, 160 U. S. 556 (40 L. ed. 536) ; Kansas City R. Co. *v.* Daughtry, 138 U. S. 298 (11 S. Ct. 306, 34 L. ed. 963) ; Telluride Power Co. *v.* Rio Grande R. Co., 187 U. S. 569 (23 S. Ct. 178, 47 L. ed. 307). Objection being timely made, the court did not err in denying the petition for removal, even though the objection was oral and not in writing. It is therefore unnecessary to determine whether or not the proceedings here, under sections 678 et seq. of the Civil Code (1910), for the assessment of damages before a justice of the peace and a jury of the vicinage, on account of the proposed laying out by the county of a new road through land of the petitioners, was a removable suit within the meaning of the Federal statutes. See, in this connection, City of Toccoa *v.* Marchbanks, 261 Fed. 684; Miss. & Rum River Boom Co. *v.* Patterson, 98 U. S. 403 (25 L. ed. 206) ; Madisonville Traction Co. *v.* St. Bernard Mining Co., 196 U. S. 239 (25 S. Ct. 251, 49 L. ed. 462).

2. In proceedings under section 678 of the Civil Code (1910), for the assessment of damage to a landowner on account of the proposed laying out of a new road by a county, the statute requires that the sheriff shall summon, to try such question before a presiding justice of the peace, a jury of freeholders "from the vicinage." The term "vicinage" means neighborhood, or surrounding or adjoining district; which depends upon no arbitrary rule of distance or topography, and varies in measure according to the sparseness or density of settlement in country or city districts. 3 Bouvier's Law Dict. (3d ed.) 3401, 2331. The presiding justice of the peace did not err in overruling the landowners' challenge to the array and objections to the jurors on the ground that they had not been summoned "from the vicinage" because the jurors lived within the city limits of Moultrie, Georgia, about two miles from the land and road in question; it appearing from the record that the city limits were only about a mile and a half from the lands, that some of the jurors summoned lived within and some without the city limits, and that, while they lived an average distance of two miles from the land, and other qualified jurors might have been drawn "who lived *as near* or nearer to said lands than those served," yet no other attack upon their qualification was made, and several of the jurors actually "owned land within a short distance of said

proposed new road, and . . some owned land adjacent to the lands" of the complaining owners.

3. It appearing from the petition for certiorari itself, filed by the landowners and complaining of an award of $600 in their favor, that the evidence was "sufficient to support a verdict in the amount rendered, or in any amount up to $7500," the judge of the superior court properly overruled the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*