## KIDD v. NATIONAL FIRE INS. CO.

District Court, W. D. Virginia, at Roanoke.
May 31, 1929.

A. T. Griffith, of Lebanon, Va., for plaintiff.

Sands, Williams & Lightfoot, of Richmond, Va., for defendant.

McDOWELL, District Judge. 1. The copy of the record from the state court was filed in the clerk's office of this court at Roanoke on February 28, 1929. The defendant filed no pleading within the next thirty days, and since then the plaintiff has, because of this fact, moved that the cause be remanded. See section 29, Judicial Code (28 USCA § 72).

If Congress intended that remanding a removed case should be the penalty for failure by the defendant to file a pleading within thirty days after removal, there are no words used in the statute which express, or which to my mind imply, such intent.

The failure to make mention of, or to give any indication of an intent concerning, the result of a failure to file a pleading within the thirty days, makes it probable that the intent was to leave the result of such failure to the then existing rules of law. And the fact that in common-law causes the procedural law of every state, and in equity causes the federal Equity Rules, provided adequate and judicious penalties for delay in pleading, tends rather forcibly to support this belief.

If the intention was that remanding should be the penalty for delay in pleading, this penalty must be imposed without regard to the cause for the delay, for no discretion is given by the statute. Delays in filing pleadings are not always due to negligence, they are sometimes due to unavoidable misfortune. And it seems improbable that so drastic a penalty as remanding should have been intended, regardless of the cause of the delay.

No reason has occurred to me why Congress should have intended to punish tardiness in pleading in cases removed from a state court very much more severely than in cases originally instituted in the federal court. And yet this is the result of reading into the statute an intent to require remanding for a failure to file a pleading within thirty days after removal.

As has been suggested by counsel for the defendant, if, in inserting the provision as to pleading, Congress had intended that delay in pleading should be punished by remanding the cause to the state court, the provisions as to the conditions of the bond for removal would probably also have been amended so as to include the possible failure of the defendant to plead within the thirty days.

As against construing the statute as intending that remanding shall be the penalty for a rather short delay in pleading, it may be, I think accurately said that such penalty is (in theory at least) very severe, quite unnecessary, and so unusual as to be unprecedented.

In Brown v. Empire Gas & Fuel Co. (D. C.) 26 F.(2d) 100, which cites the other cases in point, the reasoning, even if considered as obiter, to the effect that delay in filing pleadings was not intended to be punished by remanding, is highly persuasive.

2. It was also made a ground of the motion to remand that the notice of the petition for removal, which was dated February 13, 1929, and which was mailed on that day, by error stated that the petition and bond would be filed on February 19, 1928. This error was necessarily harmless, and affords no reason for remanding.

The motion to remand must be overruled.