## KUECK v. NORTHWESTERN MUT. LIFE INS. CO.

District Court, S. D. New York.
April 11, 1932.

Henry Hirschberg, of Newburgh, N. Y., for plaintiff.

Valentine & Chichester, of New York City, for defendant.

CAFFEY, District Judge.

The plaintiff moves to remand the cause to the Supreme Court, Orange county, upon the grounds that (1) written notice of the petition and bond for removal were not given to her prior to the same being filed in the state court (Judicial Code, § 29, 28 USCA § 72); (2) the hearing on the petition was on four days' notice, instead of the eight days prescribed for motions in the state court by rule 60 of the New York Rules of Civil Practice; and (3) the order of removal was not served on her.

The notice was served on the plaintiff's attorney in Newburgh at 9:50 a. m., on February 4. The petition and bond were filed in the county clerk's office at Goshen on February 4. At the oral argument in this court it was contended by plaintiff that the petition and bond were filed with the county clerk at 9 a. m. that day. On examining the papers, however, I find no proof with respect to the hour of filing in the clerk's office.

The clerk's post card (Exhibit B to Mr. Cuddeback's affidavit) says that the "petition, removal notice and bond" were "received and filed" on February 4. The state court's removal order of February 8 recites that "the notice, verified petition and bond" were "filed and submitted to this court on the 4th day of February." Neither the post card nor the order specifies the hour of filing. The certified copy of the record sent to this court by the state court shows nothing in regard to the hour of filing.

The only other thing bearing on the subject which I discover is contained in paragraph 3 of the affidavit by plaintiff's attorney; but, when this is considered in the light of the context, it seems to me no more than the assertion of a legal proposition that the record establishes that the filing was at 9 a. m. If this be the true interpretation of the affidavit, apparently plaintiff relies solely on the statement in the notice (Exhibit B to affidavit of plaintiff's attorney) that the petition and bond will be filed at 9 a. m. on February 4.

In this state of the evidence I think the claim by plaintiff that the defendant failed in advance of filing the petition and bond in the state court to serve notice of intention to apply for removal is not sustained.

▋ Moreover, if it be assumed that the petition and bond were actually filed in the state court fifty minutes previous to service of the notice, while a somewhat doubtful question would arise, I am persuaded that the weight of argument is that this court would not be warranted, on that account only, in granting the motion.

The attorneys for the defendant had their office at Port Jervis. On February 3 by telephone they arranged with a representative at Newburgh to serve the notice there the next day. On February 3 they mailed at Port Jervis, with a covering letter, to their representative at Newburgh (a) copy of the removal petition, (b) copy of the removal bond, (c) notice to the plaintiff that the petition and bond would be filed in the state court on February 4 at 9 a. m., with further notice that the matter would be brought to hearing before the court at Goshen on February 8 at 10 a. m. On February 3 the defendant's attorneys also mailed at Port Jervis, with a covering letter, to the county clerk at Goshen (a) the original petition, (b) the original bond, (c) the notice to plaintiff's attorney of the intention to file the petition and bond at 9 a. m. on February 4, and to call the matter for hearing on February 8.

On these facts, although it be true that the county clerk on February 4 at 9 a. m., or at some other time preceding 9:50 a. m., received the papers sent him by the Port Jervis attorneys and marked them filed, was there fatal obstacle to the removal sought?

It is clear that the cause was removable. Judicial Code, § 28, 28 USCA § 71. That is conceded. It is further agreed that if there be a defect in the steps to accomplish the removal it consists only of the misadventure, in the execution of the plan of the Port Jervis attorneys, of the notice being handed to the Newburgh attorney fifty minutes subsequent to the county clerk at Goshen receiving and marking filed the documents transmitted to him. The issue is narrow. It turns exclusively on the significance to be ascribed to the provision in the statute as to the time for giving the notice.

I have examined all the authorities cited by counsel. I have also read such others as I have found having any bearing on the inquiry. None impress me as squarely in point here. So far as research has revealed, neither the Supreme Court of the United States nor the Circuit Court of Appeals for the Second Circuit has dealt with the matter. The question is therefore open in this court.

I think no one can say with certainty what was the precise purpose of Congress in prescribing that the notice should be given "prior to filing" the petition and bond. In one group of decisions it has been said or plainly implied that the design was to afford opportunity to the adverse party to be heard on the question of removability (Hansford v. Stone-Ordean-Wells Co. [D. C.] 201 F. 185, 187; Loland v. Northwest Stevedore Co. [D. C.] 209 F. 626, 627; Lewis v. Erie R. Co. [D. C.] 257 F. 868, 869; Lee v. Continental Ins. Co. [D. C.] 292 F. 408, 414, 419) ; in another, that it was merely seasonably to inform the adverse party that the right of removal would be exercised (Potter v. General Baking Co. [D. C.] 213 F. 697, 698; Cropsey v. Sun Printing & Publishing Ass'n [D. C.] 215 F. 132, 133, 134; Miller v. Southern Bell Telephone & Telegraph Co. [C. C. A.] 279 F. 806, 808). In either event, a construction of the statute that the right of removal would be defeated by filing the papers less than an hour in advance of the service of notice of intention to file, is so highly technical that I feel it should not be adopted, unless peremptorily demanded.

▋ I think that consideration of the statute as a whole indicates that the requirement as to the exact time of service of notice is directory, and that it is not jurisdictional. The giving of notice is undoubtedly essential. The statutory provision must undoubtedly be substantially lived up to. Where, however, as here, the adverse party has suffered no injury, there was at most an unsubstantial variance (due possibly to miscalculation of mail deliveries or to some similar unanticipated exigency), the object of affording notice was fully complied with, and the plaintiff refrained from appearing in the state court to resist removal, there is not only no

duty on the part of this court, but it is without authority, to send the case back to the state court. To hold otherwise, I believe, would do violence to a common-sense application of the law.

A removal proceeding is under the Judicial Code of the United States. In consequence, it is immaterial what is the period of notice prescribed by the rules governing the hearing of motions in the state court. Ritchey L. Corp. v. Robertson-Cole D. Corp., 199 App. Div. 362, 191 N. Y. S. 870.

Prompt notice of the order of removal was given to the plaintiff, and she produced at the hearing before me a certified copy of it. The federal statute, which is controlling, does not provide for service of the order on her.

Motion denied.