## SIDERS et al. v. NATURAL GAS PIPE LINE CO. OF AMERICA et al.

### No. 4151.

District Court, S. D. Iowa, Davenport Division.

Sept. 14, 1936.

Arthur O. Leff, of Iowa City, Iowa, for plaintiffs.

Geo. P. Garver, of Chicago, Ill., and Donald Barnes, of Cedar Rapids, Iowa, for defendants.

DEWEY, District Judge.

The above-entitled suit came on for hearing at Des Moines, Iowa, on a motion to remand filed by the plaintiffs with briefs and a written agreement that the matter might be heard and decided by this court on such submission.

The suit was transferred from the district court of Johnson county, Iowa, and the affidavits attached to the motion show that the petition for removal and bond were filed in said court and order of transfer made on the forenoon of May 4, 1936, and that written notice of the filing of said petition and bond was not served, if at all, on the plaintiffs or their attorney until the middle of the afternoon of the same date. Later, on June 2d, another notice was served on the plaintiffs, advising that the suit had been transferred to the federal court for the Southern District of Iowa.

The motion to remand is on the ground that written notice was not given to the plaintiffs prior to the filing of the petition and bond as required by the United States statutes. Section 72, title 28, U.S.C.(28 U.S.C.A. § 72).

The motion is well taken. The courts of the United States have been divided on questions growing out of this statute and the meaning and purpose of the giving of this notice. In one group of decisions it has been said or implied that the design was but to advise the plaintiff of the removal and not to afford opportunity to the adverse party to be heard on the question of removability. Chase v. Erhardt (D.C.) 198 F. 305; Hansford v. Stone-Ordean-Wells Co. (D.C.) 201 F. 185; Potter v. General Baking Co. (D.C.) 213 F. 697; Cropsey v. Sun Printing & Pub. Ass'n (D.C.) 215 F. 132.

Another line of reasoning is that the purpose of the notice is to give an opportunity to the plaintiff to be present when the petition is presented so that he may appear to resist, if he so elects. Lee v. Continental Ins. Co. (D.C.) 292 F. 408; Loland v. Northwest Stevedore Co. (D.C.) 209 F. 626; Bank of America Nat. T. & S. Ass'n v. United States Nat. Bank (D.C.) 3 F.Supp. 990.

The lower courts appear to be inclined in later decisions to follow this latter ruling, but the case of Williams v. New York, P. & N. R. Co., 11 F.(2d) 363, 45 A.L.R. 437, decided by the Circuit Court of Appeals for the Fourth Circuit, again mixes the question. While that case holds that the written notice is not intended to give the plaintiff a chance to oppose either the filing of the petition or the removal, it further holds that, as the Judicial Code requirement is now expressed, a removal cannot be made without the knowledge of the adverse party.

The question here, however, is not the purpose and intent of the giving of the notice, but whether such a notice shall be given before the filing of the petition and bond as required by the statute. The law says that it must be, and all the cases are unanimous in holding that the requirement is mandatory, except the case of Kueck v. Northwestern Mutual Life Ins. Co. (D.C.) 2 F.Supp. 400. I am unable to give my assent to the reasoning in that case, but the facts therein are different and not controlling here. It has been repeatedly held that, in the absence of such a notice, the suit must be remanded to the state court. Note 301, section 72, 28 U.S.C.A. The clerk will therefore enter the following order:

The above-entitled cause having come on for hearing at Des Moines, Iowa, on a motion of the plaintiffs to remand, and it being agreed that the same shall be determined on the briefs and arguments as submitted,

Said motion is sustained, and the clerk authorized and directed to remand the case to the court from which it was removed. Defendants except.