## PARTRIDGE et al. v. BOND et al.
### (two cases).
### Nos. 367, 368.

District Court, E. D. Virginia, at Richmond.
Dec. 12, 1936.

M. F. Partridge and Wm. Earle White, both of Petersburg, Va., for complainants.

Robert W. Arnold, of Waverly, Va., John Blair Mason, of Petersburg, Va., and Geo. E. Allen, of Richmond, Va., for respondents.

POLLARD, District Judge.

The complainants in the above-entitled causes, appearing specially, have moved the court to remand these causes to the Hustings Court of the City of Petersburg, Va., upon the ground that written notice of the petition and bond for removal was not given to them prior to the filing of the same in said Hustings Court as required in section 72, title 28, U.S.C.A.

The facts in the two causes which are pertinent to the motions before the court are the same, and are stipulated as follows:

"The complainants filed their bill in the Clerk's Office of the Hustings Court of the City of Petersburg at the first March Rules, 1936, pursuant to process issued and made returnable to said Rules. On March 17, 1936, which was the second day of the second March Rules, the parties respondent filed in the Clerk's Office their petition

for removal and a bond properly executed, but no notice, written or otherwise, of the filing of said petition and bond was given to the parties complainant prior to the filing thereof. On the 8th day of April, 1936, counsel for respondents telephoned counsel for complainants and requested counsel for the complainants to accept service of a written notice, which had been antedated to March 4th. This request was refused. Counsel for respondents then stated over the telephone to counsel for the complainants that the petition and bond for removal had been filed in the Clerk's Office on March 17, 1936, and stated that he proposed to present an order of removal to the Judge of the Hustings Court on April 11th. On April 11, 1936, in pursuance of such statement, counsel for parties complainant and respondent appeared before the Judge of the Hustings Court, and argued all questions pertaining to the removability of the cause and at that time counsel for the complainant raised the point that no written notice had been given in accordance with the terms of the removal statute. On that day, arguments not being completed, the hearing of arguments was continued to the 14th day of April, 1936, and on the 14th day of April, 1936, after further argument on the removability of the cause, an order was entered by the Hustings Court of the City of Petersburg, refusing to remove the cause. Whereupon, counsel for the respondents had a certified transcript of the record in the cause prepared and filed the same in the Clerk's Office of the United States District Court for the Eastern District of Virginia."

Section 71, title 28, U.S.C.A., provides for the removal of certain causes from the state to the federal courts, and section 72 sets forth the procedure to be followed in connection with such removal. Section 72 provides that the parties entitled to remove shall make and file in the state court a petition and bond, and written notice of said petition and bond shall be given to the adverse parties prior to the filing of the same.

Counsel have fully and ably argued the case, and many authorities have been cited. Goins v. Southern Pacific Company (D.C.) 198 F. 432; Tinker v. Board of Sup'rs of Kossuth County (D.C.) 292 F. 863; Arthur v. Maryland Casualty Company (D.C.) 216 F. 386; Wanner v. Bissinger & Company (D.C.) 210 F. 96; Loland v. Northwest Stevedore Co. (D.C.) 209 F. 626; National Farmers' Bank v. Moulton (C.C.A.) 32 F. (2d) 78; U. S. v. Sessions (C.C.A.) 205 F. 502; Babbitt v. Clark, 103 U.S. 606, 26 L.Ed. 507; Bank of America Nat. Trust & Savings Ass'n v. U. S. National Bank (D. C.) 3 F.Supp. 990; Appelbaum v. Hartford Fire Ins. Co. (D.C.) 29 F.(2d) 432; Kueck v. Northwestern Life Ins. Co. (D.C.) 2 F. Supp. 400; Lewis v. Erie R. Co. (D.C.) 257 F. 868; Lee v. Continental Ins. Co. (D.C.) 292 F. 408; Kidd v. National Fire Ins. Co. (D.C.) 32 F.(2d) 935; Williams v. New York, P. & N. R. Co. (C.C.A.) 11 F.(2d) 363, 45 A.L.R. 437; Cropsey v. Sun Printing & Publishing Ass'n (D.C.) 215 F. 132; Miller v. Southern Bell Tel. & Tel. Co. (C.C.A.) 279 F. 806; Byrne's Adm'r v. Chesapeake & O. R. Co., 151 Ky. 553, 152 S.W. 538; Mackay v. Uinta Development Co., 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138; Burks Pleading and Practice (3d Ed.) 87. However, in none of the cases cited has the exact question here under consideration been directly before the Supreme Court of the United States or the Circuit Court of Appeals for the Fourth Circuit.

The authorities are in hopeless conflict, not only as to the conclusions reached, but also as to the reasons given for such conclusions. There are cases which hold that the giving of notice is jurisdictional, while other cases in effect say that any procedure which affords the same opportunity and serves the same purpose as prior written notice is sufficient. Some of the cases deal with the purpose of the provision requiring notice, while others discuss the necessity, sufficiency, and waiver of notice.

From an examination of all the cases cited, I have reached the conclusion that the better considered view is that the giving of notice is jurisdictional. The right of removal exists only by virtue of the statute, and such right must therefore be exercised in accordance with the statute conferring the right. This proposition was stated by the Supreme Court of the United States in the case of Babbitt v. Clark, 103 U.S. 606, 610, 26 L.Ed. 507, where it is said: "The right to remove a suit from a State court to the Circuit Court of the United States is statutory, and to effect a transfer of jurisdiction all the requirements of the statute must be followed. If this is done, the controversy is brought properly within the jurisdiction of the Circuit Court, and may be lawfully disposed of there; but if not, the rightful jurisdiction continues in the State court."

The original statute required no notice, written or verbal, either before or after

the filing of the petition and bond. The amendment provides that written notice of the petition and bond shall be given prior to the filing of the same. The amendment to the statute was no doubt enacted to correct some injustice to the adverse party caused by the failure of such party to receive notice of the filing of the petition and bond. Thus, in enacting the amendment, Congress had a very definite purpose in view. To accomplish that purpose, specific and definite words were used. The notice must be in writing and must be given prior to the filing of the petition and bond. The view that the requirements of the statute are merely directory and that the notice may be oral and may be given after the filing of the petition and bond would read into the statute language which Congress did not use. It would substitute for the plain words used by Congress an interpretation by the courts that all that Congress intended was that reasonable notice should be given. Had Congress so intended, it could and doubtless would have used words appropriate to express such intention. Courts cannot by interpretation whittle away the definite purpose of a statute expressed in plain words.

The motion to remand is granted, and an order may be presented in each cause so providing.