**BLUFFTON REAL ESTATE CO. v. WYSONG et al.**

**No. 3996.**

District Court, E. D. South Carolina.

July 28, 1938.

DePass & DePass, of Bluffton, S. C., for plaintiff.

Edwin A. McWhorter (of Kennedy & McWhorter), of Savannah, Ga., and Randolph Murdaugh, of Hampton, S. C., for defendants.

MYERS, District Judge.

This cause came before me for hearing on matters heard by Hon. J. Lyles Glenn, U. S. District Judge for the Eastern and Western Districts of South Carolina, in which no orders had been filed prior to the subsequent death of Judge Glenn. Certain of the defendants moved to set aside the service of the summons for relief, on which motion the plaintiff made specific appearance to resist the same, and noticed motion to remand the cause on the ground that the case had never been properly removed to this court from the Court of Common Pleas for Beaufort County, State of South Carolina; in that the requirement of Title 28, Sec. 72, U.S. C.A., had not been complied with by the service on the plaintiff or its attorney of record of notice in writing of the filing of the petition and bond for removal, prior to the filing of said petition and bond in the state court. The position of the plaintiff as to failure of required notice is sustained by the record.

I am of the opinion that the requirement of written notice is mandatory and jurisdictional. There is a line of cases in which a contrary view was taken, upon the ground that the design of this provision of the statute might be deemed to have been met by notice sufficient to afford an opportunity to the adverse party to be heard on the question of removability. This court does not deem it necessary, nor would it serve any useful purpose, to inquire into the reason of this mandatory requirement. Under the Code provision, the filing of the petition and bond for removal effectively ends the jurisdiction of the state court by its very terms; and the only resort of the adverse party is to the federal jurisdiction in an effort to remand. This court understands from the opinion of the late Judge Rose of the Fourth Circuit, in Williams et al. v. New York, P. & N. R. Co., 11 F.2d 363, 45 A.L.R. 437, that jurisdiction is lodged in the federal court only when proper petition and bond for removal, of which the adverse party has had due written notice, are filed in the office of the clerk of the state court, and a proper transcript filed in the federal court; and that is sufficient authority for this court,—which is also in accord with the views expressed as to the mandatory and jurisdictional effect of lack of notice in Siders et al. v. Natural Gas Pipe Line Co. of America et al., D.C., 16 F.Supp. 857, and in Partridge et al. v. Bond et al., D.C., 17 F.Supp. 257. In the latter case, Judge Pollard cites Babbitt v. Clark, 103 U.S. 606, 610, 26 L.Ed. 507, and concludes (page 258): "The right of removal exists only by virtue of the statute, and such right must therefore be exercised in accordance with the statute conferring the right."

In remanding the cause, it is suggested that the delay in disposing of these motions, due to the illness and death of Judge Glenn, should not prejudice the defendants in any way in its further consideration.

It is therefore ordered, adjudged and decreed that this court having never acquired jurisdiction of this cause by proper and statutory process; the same is hereby remanded to the Court of Common Pleas for Beaufort County, State of South Carolina.

It is further ordered that the clerk of this court tax and award the costs in behalf of the plaintiff usually allowed, but not for both hearings; as to allow double costs would be a penalty upon the moving defendants which would not be justified by the circumstances necessitating the second hearing.