432

## APFELBAUM et al. v. HARTFORD FIRE INS. CO.

## NEFF v. CONTINENTAL INS. CO.

District Court, E. D. Pennsylvania. March 16, 1928.

Nos. 13236, 13234.

Grim & Grim, of Perkasie, Pa., for plaintiffs.

Thos. Ross, of Doylestown, Pa., and Horace Michener Schell, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge. This is a motion to remand two actions removed from the court of common pleas of Bucks county. The only ground for the motion pressed at the argument was that the provisions of the statute requiring notice prior to the filing of the petition and bond had not been complied with. The facts are not in dispute. Prior to the filing of the bond and petition, verbal notice was given that a petition and bond had been prepared and would be filed forthwith. No written notice was given before the filing. After the filing on the same day, a written notice was served on the attorney for the plaintiff, advising him that the petition had been filed, and that the same would be presented to the judge of the court at a day and hour named in the notice. Copies of the petition and bond accompanied the notice. Answers to the petition were filed by the plaintiff, and the matter was fully argued before the state court, and an order was made refusing a proffered amendment to the petition and denying the prayer of the petition to remove. Thereafter proper proceedings were taken to complete the removal, and the matter is now before this court on a motion to remand.

In a well-considered opinion in Goins v. Southern Pacific Co. (D. C.) 198 F. 432, the court held that, while the statutory provision for notice was mandatory, and in a limited sense jurisdictional, it could be waived. See, also, Lewis v. Erie Railroad Co. (D. C.) 257 F. 868; Arthur v. Maryland Casualty Co. (D. C.) 216 F. 386; Hansford v. Stone-Ordean-Wells Co. (D. C.) 201 F. 185. I am of the opinion that in this case, where notice was actually given of the filing of the petition and bond on the day on which it had been filed, and where the defendant later filed an answer to the petition, appeared before the court, argued the case, and obtained a decision in his favor, the requirement that the notice be given prior to the filing was waived. It is not clear just why Congress required the notice to be given prior to the *filing* of the petition and bond, although it is clear enough why notice should be given before the state court is asked to take any action. It may have been to avoid the possibility of the making of the order as of course without presentation to the court, though that would be unusual. Certainly, in the ordinary case, the mere deposit of the papers in the clerk's office is a step of relatively little importance.

The motion to remand is dismissed.