## PYATT v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 751.

District Court, W. D. Missouri, W. D.

April 7, 1941.

528

Bruce Barnett and F. H. Richart, both of Joplin, Mo., for plaintiff.

Kenneth E. Midgley, Wm. C. Michaels, and Michaels, Blackmar, Newkirk, Eager & Swanson, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

In this case there is no question as to a diversity of citizenship nor an amount in controversy within the jurisdiction of the court. The question agitated is whether the plaintiff was notified in writing before the filing of petition and bond for removal, and, if not, whether this requirement of the statute is mandatory and jurisdictional.

At the arguments of the motion to remand the parties were in agreement that on the day the petition and bond for removal were filed a notice was posted addressed to counsel for plaintiff at Joplin, Missouri, and received by him the next day. It was suggested also that notice was posted on the bulletin board at the courthouse where the State court held its sessions.

Adverting to the statute governing the subject of procedure in the removal of causes, the pertinent language of Section 72, Title 28 U.S.C.A., is as follows: "Whenever any party entitled to remove any suit * * * may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto * * *. It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same."

The requirement for notice was an amendment to the statute in 1911. Prior to that time the federal law did not require notice to an adverse party in the removal of causes.

Quite clearly this was a defect in the law. It was not proper to compel a plaintiff to learn by accident that his case had been removed to another jurisdiction. It became a custom, however, of the state judges to require notice of the intended removal. By an amendment in 1911 the Congress required that "written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same."

Such notice was required because instantly upon filing the petition and bond the State court was forbidden to proceed further and ipso facto the cause stood removed to the federal court. The practice,

fortunately, has not been in exact accord with the procedure outlined by said Section 72. It has been the custom, out of comity, to present the petition and bond to the State court and secure from it an order removing the cause. While the right and propriety of the removal must be resolved finally by the federal court, yet the State court, as a matter of comity, should have presented to it the same questions.

It was the undoubted purpose of the Congress to have a plaintiff notified in writing in those cases where his case was suddenly and rather peremptorily extracted from the State court. If this arbitrary procedure were followed in practice it would seem consistent that the national courts should strictly enforce the rule requiring written notice before the filing of the petition and bond for removal. This is not, and never has been, the practice in this district.

In the instant case the petition and bond were filed within the time required by statute. The defendant experienced difficulty in finding the plaintiff and his counsel. Neither one of them resided in Kansas City. Counsel for plaintiff was notified, however, by letter mailed on the day that the petition and bond were filed, that on a day certain thereafter the petition and bond for removal would be presented to the State court. This presentation was made at a date convenient to plaintiff's counsel, and he appeared and resisted the application. The State court, nevertheless, ordered the removal of the case. The plaintiff, therefore, lost no rights and all the purposes of the statute requiring notice were fully met.

Literally following the statute, a defendant, having the right of removal, could notify the adverse party any time after the suit was filed and up to the time a pleading was required that he intended to file a petition and bond for removal. No time need be fixed in the notice with the result that plaintiff or "the adverse party" would be little better advised than under the former law.

Judge Bourquin of the District Court of Montana, shortly after the enactment of the law requiring notice, had occasion to comment thereon, in Hansford v. Stone-Ordean-Wells Co., 201 F. 185, loc.cit. 187. He said: "Whatever the purpose of notice, the removal act seems to require no more. The statutory notice would seem calculated to serve no purpose but to advise the plaintiff that the suit and all future proceedings therein are about to be transferred to another tribunal, to submit to his scrutiny the sufficiency of the petition and bond, and to enable him to speed proceedings if the defendant delays therein; for, since the mere filing in the state court of a sufficient petition and bond divests the jurisdiction of the state court and vests jurisdiction in the federal court, there is no hearing necessary in and no order necessary by the state court. Comity, however, dictates both a request for and a grant of the latter."

■ As indicated, comity has resulted in a procedure different from but not inconsistent with that provided by federal statute and far more satisfactory. It was not contemplated by the Congress that, where otherwise jurisdiction existed, the federal court should remand a case upon the theory that it was "wrongfully or improperly removed" merely because written notice had not been given that the petition and bond for removal would be filed.

■ While it is true that in a few cases courts have held the requirements as mandatory and jurisdictional (see Bluffton Real Estate Co. v. Wysong et al., D.C., 24 F.Supp. 344) yet the better and sounder reasoning of the courts is against this interpretation.

In Apfelbaum et al. v. Hartford Fire Ins. Co., D.C., 29 F.2d 432, Judge Kirkpatrick of the E. D. of Pennsylvania, had before him the identical situation here presented. He cited the cases of Goins v. Southern Pacific Co., D.C., 198 F. 432; Lewis v. Erie Railroad Co., D.C., 257 F. 868; Arthur v. Maryland Casualty Co., D.C., 216 F. 386, and the opinion heretofore mentioned by Judge Bourquin. After citing the cases here mentioned, Judge Kirkpatrick said: "I am of the opinion that in this case, where notice was actually given of the filing of the petition and bond on the day on which it had been filed, and where the defendant later filed an answer to the petition, appeared before the court, argued the case, and obtained a decision in his favor, the requirement that the notice be given prior to the filing was waived."

Judge Kirkpatrick further said: "It is not clear just why Congress required the notice to be given prior to the filing of the petition and bond, although it is clear enough why notice should be given before the state court is asked to take any action."

Judge Ford of the Eastern District of Kentucky, in Kelley's Administrator v. Abram, D.C., 20 F.Supp. 229, considered a similar question and retained jurisdiction. In that case notice was given to the attorney for the plaintiff whereas the statute says "the adverse party". It was Judge Ford's opinion that while the statute appeared to be mandatory it related only to the mode or form of procedure "and is not within that class of conditions which are fundamental to jurisdiction and which may not be dispensed with by agreement without infraction of the established rule that jurisdiction cannot be conferred by consent."

In Miller v. Southern Bell Telephone & Telegraph Co., 279 F. 806, loc.cit. 809, the Court of Appeals of the Fourth Circuit discussed the matter of notice as follows: "The object of the amendment, as we conceive, was not to give opportunity to oppose the filing, which no statute contemplates, but rather and merely to inform 'the adverse party or parties' that the right of removal will be exercised."

■ While there are many opinions to the contrary, yet, in this case, it could not be well said that the plaintiff has been injured in or deprived of any right or that the defendant has been so derelict as to forfeit its right of removal. Accordingly, the motion to remand will be denied.