Martha KOVELL, a Minor, etc.
Plaintiff,

v.

The PENNSYLVANIA RAILROAD
COMPANY, Defendant.

Civ. A. No. 31172.

United States District Court,
N. D. Ohio, E. D.

Oct. 12, 1954.

Paul B. Moritz, Niles, Ohio, for plaintiff.

Jay C. Brownlee, G. Kenneth Clark, of Harrington, Huxley & Smith, Youngstown, Ohio, for defendant.

McNAMEE, District Judge.

Plaintiff's motion to dismiss defendant's petition for removal, which will be treated as a motion to remand, asserts the claim that defendant failed to give written notice to plaintiff of the filing of petition for removal, promptly after said petition was filed, as required by Section 1446(e) Title 28 U.S.C.A. The papers in the case, including the affidavits of counsel for plaintiff and defendant, disclose these facts:

The original petition alleging a claim for damages arising from defendant's negligence, was filed in the Common Pleas Court of Trumbull County, Ohio. The correct address of plaintiff's attorney, which is "Prosecutor's Office, Court House, Warren, Ohio," appeared on the original petition filed in the Common Pleas Court but was omitted from the copy of the petition that was served on defendant. On June 29, 1954 defendant filed in this court a petition for removal, together with the requisite bond and mailed a copy of the petition to the Clerk of the Common Pleas Court of Trumbull County, Ohio. Concurrently therewith defendant's counsel placed a notice of removal, together with a letter, in an envelope addressed to plaintiff's counsel— "Niles Bank Building, Niles, Ohio," this being the address of plaintiff's counsel as listed in the telephone directory for "Niles and Vicinity." The envelope containing the letter and notice has not been returned to the sender. In his affidavit plaintiff's counsel swears that he did not receive any written notice from the defendant of the filing of the petition for removal. He says that upon examination of the files in the Common Pleas Court to ascertain whether an answer had been filed he discovered a copy of the petition for removal that had been mailed to the Clerk of that court. Thereafter plaintiff filed this motion. On August 3, 1954, after this motion had been filed, defendant's counsel addressed a letter to counsel for plaintiff at the Prosecutor's Office, Warren, Ohio, reciting the steps taken by defendant's counsel on or about June 29 to ascertain plaintiff's counsel's address and to notify him of the filing of the petition for removal. At this time defendant's counsel also forwarded to plaintiff's counsel a copy of the notice of removal of June 28, 1954.

There can be no doubt that counsel for defendant diligently and in good faith attempted to give prompt notice to plaintiff of the filing of the petition for removal. It was reasonable to assume that the address of plaintiff's counsel was listed correctly in the telephone book; and when the notice was not returned there was a substantial basis for the assumption that plaintiff's counsel had received it. However, the notice was sent to an incorrect address, and there is nothing to suggest that plaintiff's counsel's statement that he did not receive the notice is untrue. The burden is upon defendant to establish that the notice was given and, under the facts as shown above, I am unable to find that this burden has been sustained.

The governing statute provides:

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Section 1446(e) Title 28 U.S.C.A.

The first provision for notice was contained in the 1911 revision of the statute,

which provided that notice shall be given prior to the filing of the petition, etc. The 1948 revision provided that notice was to be given "Upon the filing of such petition and bond * * *", etc. And, as shown above, in 1949 the statute was again amended to provide for the giving of notice "Promptly after the filing of such petition", etc.

■ The courts have not been in agreement whether the giving of notice is essential to vest jurisdiction in the federal court, but they have held uniformly that failure to comply with this requirement of the statute is ground for remand of the case upon a motion timely made. Partridge v. Bond, D.C., 17 F.Supp. 257, 258; Kelley's Adm'r v. Abram, D.C., 20 F.Supp. 229; Flowers v. Aetna Casualty & Surety Co., 6 Cir., 163 F.2d 411. Cf. Pyatt v. Prudential Ins. Co., D.C., 38 F.Supp. 527.

■ While the above-cited cases construed the earlier form of the statute, which provided for notice prior to the filing of the petition, they are significant as indicating that in the absence of a waiver or a showing of impossibility of performance, strict compliance with the express provisions of the statute is required. In Babbitt v. Clark, 103 U.S. 606, 26 L.Ed. 507, the Supreme Court said:

> "The right to remove a suit from a State court to the (Circuit) Court of the United States is statutory, and to effect a transfer of jurisdiction all the requirements of the statute must be followed. If this is done, the controversy is brought properly within the jurisdiction of the Circuit Court, and may be lawfully disposed of there; but if not, the rightful jurisdiction continues in the State Court."

The Sixth Circuit Court of Appeals expressed a similar view in Flowers v. Aetna Casualty & Surety Co., supra, [163 F.2d 417] saying:

> "Since the giving of prior notice is mandatory under the statute, and it was neither given by

the appellees nor waived by the appellant in this case, the action was not properly removed from the Tennessee Court to the U. S. District Court, and appellant's motion to remand should be sustained."

■■ There would seem to be little doubt that the requirement of giving notice means that actual notice must be given to the adverse party. An attempt to give notice which is not rendered ineffective by action of the adverse party is not sufficient. Defendant's counsel adopted the normal and usually successful means of ascertaining the correct address of plaintiff's counsel; but it is not shown that plaintiff's counsel received the notice, nor does it appear that the address of plaintiff was not correctly shown on the copy of the petition filed in the Common Pleas Court, or that notice could not have been given directly to the plaintiff. The importance of actual notice to the adverse party is apparent from an examination of Rule 81(c) of the Rules of Civil Procedure, 28 U.S.C.A. It is there provided: "These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." This rule further provides:

> "If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, *or if he is not the petitioner within 10 days after service on him of the notice of filing the petition.*" (Emphasis supplied.)

Defendant argues that the second notice of removal mailed to plaintiff's attorney on August 3 is a sufficient compliance with the statute and relies upon Jones v. Elliott, D.C., 94 F.Supp. 567, 568, in support of this position. The Elliot case is inapposite. There two defendants were sued. One of the defendants filed a petition for removal and served notice upon the plaintiff but fail-

ed to notify his co-defendant. In holding that a delayed notice to the co-defendant was not fatal, the court observed that the statute provided for notice to " 'all adverse parties' " and suggested that "whether the co-defendant [was] an adverse party may be debatable."

Plaintiff's motion is granted and the case is ordered remanded to the Common Pleas Court of Trumbull County.