**TERRAFIRMA, INC., Appellant,**

v.

**Wasley S. KROGDAHL et al., Appellees.**

Court of Appeals of Kentucky.

June 26, 1964.

Rehearing Denied Sept. 18, 1964.

Trimble & Trimble, Lexington, for appellant.

F. Selby Hurst, Lexington, for appellees.

JOHN CHRIS CORNETT, Special Commissioner.

Terrafirma, Inc. appeals from an order of the Fayette Circuit Court overruling its motion to set aside a default judgment. CR 55.02 and 60.02.

The appellees filed a complaint against the appellant and John J. Murphy and Patricia Murphy on July 25, 1961. Summons was served on all defendants on July 26, 1961. The dispute concerned alleged misrepresentations of appellant concerning frontage of a building lot.

The appellees filed a motion for judgment by default against appellant on September 22, 1961, giving notice to attorney for Murphy defendants that the motion would be heard on September 29, 1961. At that time no defensive pleading or motion had been filed or served as required. CR 12.01.

Default judgment was granted against appellant and case was assigned to October 9th to assess damages.

October 7 appellant learned of judgment by default and employed an attorney,

On October 9th trial to assess damages was had by the court, without a jury, and damages were fixed and judgment entered in the sum of $4,750. At that trial appellant introduced no evidence.

The appellant made timely motion on October 10th to set aside the judgment by default and filed the affidavit of Richard C. Sutherland, Jr., Vice-President of Terrafirma, Inc., defendant below and appellant herein, in which he stated that the attorney, with whom he had discussed the case a few days after summons had been served, had notified him that he could not represent appellant in this action, since there was a conflict of interest with the co-defendant, Murphys, and that said attorney advised him and the Murphys to employ other counsel.

The Murphys employed other counsel who related to Mr. Sutherland that he had procured an extension of time to file an answer for the Murphys by agreement with the attorney for appellees.

Mr. Sutherland thought this would give Terrafirma a like extension, and that attorney for co-defendants would let him know. Thereafter, Mr. Sutherland appears to have forgotten the suit due to pressing business matters, and in the meantime judgment was entered against defendant, Terrafirma, Inc.

More than sixty days had elapsed after summons was served, and appellant had not served or filed defense. The learned trial judge heard the evidence of the appellees as to damages and awarded a sum of $4,750, which was almost as large an amount as the appellees had paid appellant for the lot in the beginning. This court cannot say that the trial judge abused its discretion in overruling the motion to set aside the default judgment, or that the damages were excessive, since no record of the evidence has been filed in this court.

A party is not entitled to have a default judgment set aside unless he can show a reasonable excuse and establish that he has not been guilty of unreasonable delay himself. CR 55.02 and CR 60.02.

The court is of the opinion, under the Rules of Civil Procedure, that appellant should have employed an attorney to have looked after this case before judgment was entered by default. Appellant should not have waited from July 26 until October 7, since the rules require some step to be taken within twenty days from the service of summons.

See Crowder v. American Mutual Liability Ins. Co., Ky., 379 S.W.2d 236 (decided May 15, 1964).

Therefore, it is our opinion that the judgment should be affirmed.

The opinion is approved by the court, and the judgment is affirmed.