Hetty HOWES, Administratrix of the Estate of Garland Howes, Deceased, et al., Plaintiff,

v.

Homer CHILDERS et al., Defendants.

Civ. A. No. 76–433.

United States District Court, E. D. Kentucky, Pikeville Division.

Jan. 24, 1977.

Jim M. Hammond, Prestonsburg, Ky., for plaintiff.

Eldon Webb, U.S. Atty., Lexington, Ky., James P. Klapps, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

HERMANSDORFER, District Judge.

The above styled civil action, having been removed from the Circuit Court of Floyd County, Kentucky, is presently before the Court for consideration of plaintiff's response to the petition for removal, the same being construed as a motion for an order of remand. Defendants in this action are charged with negligence in performing their duties as mine inspectors. On May 28, 1976, four of the six defendants herein who are federal mine inspectors filed a petition for removal under 28 U.S.C. § 1442(a)(1). However, that petition was timely only as to one of these defendants, the other three defendants having allowed the removal time limit of 28 U.S.C. § 1446(b), thirty (30) days from service of process, to expire.

Plaintiff contends that it was error to remove the entire cause of action to this Court because only that part of the action as to the one defendant whose petition for removal was timely filed has been properly removed. Thus, plaintiff asserts that that part of the action as to the three defendants who had allowed the time limit of § 1446 to lapse should be remanded because they had waived their right to join in a petition for removal. However, as the Magistrate observed, this contention is patently incorrect. When a *single* federal officer timely removes a case to federal court under 28 U.S.C. § 1442(a)(1), the *entire* case is thereby removed, regardless of whether other defendants, federal officers or not, properly join in the petition for removal. *Fowler v. Southern Bell Telephone & Telegraph Company,* 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley,* 302 F.2d 559, 562 (5th Cir. 1962); *Bradford v. Harding,* 284 F.2d 307, 310 (2d Cir. 1960). Accordingly, the fact that the petition was untimely as to the other three federal officers is irrelevant. The cases cited by plaintiff in support of his argument are distinguishable in that they all involve removal on the basis of diversity of citizenship jurisdiction, 28 U.S.C. § 1441. While removal petitions under § 1442(a)(1) must comply with the thirty (30) day limit of § 1446, it is not required that all defendants join in the petition for removal under § 1442, as must be done for a removal under § 1441. 1A Moore's *Federal Practice,* ¶ 0.164[1], pp. 302–306.

In his report, the Magistrate also recommends that a default judgment entered by the Floyd Circuit Court against three of the defendants herein be set aside for the reason that the judgment was entered some five (5) days after the petition to remove to this Court was filed. Plaintiff objects to this recommendation contending that it would be premature to rule on this issue until after final ruling by the Court on plaintiff's motion to remand. Plaintiff further contends that inasmuch as defendants have not made a motion to set aside the default judgment, it would be improper for this Court to rule on this issue, especially without first affording plaintiff an opportu-

nity to present all the facts bearing thereupon.

From the record, including plaintiff's objections to the Magistrate's report, the following facts appear relevant to the issue of the propriety and effect of the state court's order of default judgment. On May 28, 1976 the petition for removal was filed in this Court. That same day plaintiff filed a motion for default judgment in the state court. On May 29 the Floyd Circuit Court received notice of the removal of this case. On June 2, 1976, the Circuit Court entered an order for default judgment, the same day on which plaintiffs received notice of removal.

■■■ From these facts, it is apparent that this Court's jurisdiction over this action attached on May 28, 1976, the date of the filing of the petition for removal. However, this Court's jurisdiction was concurrent with that of the Floyd Circuit Court until all steps for removal required by 28 U.S.C. § 1446(e) had been completed; specifically, filing of a copy of the removal petition with the state court and written notice to the adverse parties. *Berberian v. Gibney,* 514 F.2d 790, 792–793 (1st Cir. 1975); 1A Moore's *Federal Practice,* ¶ 0.168[3.–8] at 509–511; 14 *Federal Practice and Procedure* § 3737, at 742–744. When the Floyd Circuit Court entered its judgment of default on June 2, 1976, it did so with the knowledge that the action had been removed. In *Kelley's Adm'r. v. Abram,* 20 F.Supp. 229 (E.D.Ky.1937), the Court reasoned that when filing of a copy of the removal petition in state court occurs, the exclusive jurisdiction of the federal court immediately attaches and the right of the state court to proceed absolutely ends. *Id.* at 231. Thus, even though the removal may not have been finally effective because adverse parties had not received their notice, the state court lost all jurisdiction to proceed when it received notice of the removal. *South Carolina v. Moore,* 447 F.2d 1067, 1073, (4th Cir. 1971). However, some courts have adopted the view that the state court's jurisdiction does not end until all steps required by § 1446(e) have been completed, because only then is the removal effective. *Babbitt v. Clark,* 103 U.S. 606, 26 L.Ed. 507 (1881); *Beleos v. Life & Casualty Ins. Co. of Tenn.,* 161 F.Supp. 627, 629 (E.D. S.C.1956); *Kovell v. Pennsylvania R.R.,* 129 F.Supp. 906, 908 (N.D.Ohio 1954). But whether or not one adopts the view that the state court's jurisdiction is exclusive and cannot be stripped until all steps for removal have been completed, or the view that the jurisdiction of the state and the federal courts becomes concurrent with the filing of the removal petition, the result in the case at bar would be the same. That result is that the Floyd Circuit Court's order of default judgment must be set aside. Even assuming, arguendo, that the state court had authority to order a default, the fact that the case was removed to federal court confers authority on this Court to set that judgment aside. See *Butner v. Neustadfer,* 324 F.2d 783, 785 (9th Cir. 1963). Any doubts should be resolved in favor of setting aside the default so that the case may be heard on the merits. *Tolson v. Hodge,* 411 F.2d 123 (4th Cir. 1969); *Barrett v. Southern Railway Company,* 68 F.R.D. 413, 422 (D.S.C.1975). Thus, the Court is constrained to hold that the Floyd Circuit Court's order of default judgment must be vacated and set aside as null and void. *Hornung v. Master Tank & Welding Co.,* 151 F.Supp. 169, 172 (D.N.D.1957). *Barrett, supra* at 421.

■■ The fact that no motion per F.R.C.P. 60(b)(4) to set aside or vacate the state court judgment of default has been made herein is no bar to the Court's determination of the issue. There is no dispute over the facts material to the question. Defendants have tendered their answer to plaintiff's complaint, which, as a practical matter, may be construed as a motion to vacate because a determination of the effect of the default judgment is a threshold requirement to this Court's proceeding with this action. *Barrett, supra* at 421.

Accordingly, an order in conformity with this Memorandum Opinion shall this date be filed herein, construing plaintiff's response to the petition for removal as a motion to

remand, said motion to be overruled, and further ordering that the judgment of default entered on June 2, 1976 by the Floyd Circuit Court be set aside and held for naught, and that the tendered answers of the defendants be filed.