**GREEN SEED COMPANY, INC., Appellant,**

v.

**HARRISON TOBACCO STORAGE WAREHOUSE, INC., Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1984.

William C. Shouse, Shouse & Burrus, Lexington, for appellant.

David E. Melcher, Swinford & Sims, Cynthiana, for appellee.

Before HAYES, C.J., and REYNOLDS and WILHOIT, JJ.

HAYES, Chief Judge.

This appeal arises from a refusal to set aside a default judgment by the Harrison Circuit Court.

The appellee entered into a lease agreement with the appellant on May 16, 1979. The appellee filed suit against the appellant on September 28, 1981, seeking judgment for the entire rental payment due under the lease. On October 23, 1981, the appellant filed a petition for removal in the United States District Court, properly served the appellee and filed a copy with the Harrison Circuit Court. This petition was dismissed as defective on October 27, 1981.

Instead of amending this petition, the appellant filed a second petition for removal on November 5, 1981, longer than thirty days after the filing of the complaint. Neither the appellee nor the Harrison Circuit Court received notice or copy of this petition, although the appellant offered affidavits that notice and copy were mailed. On January 27, 1982, the appellee applied for a default judgment because of the appellant's failure to plead or otherwise defend the action. The appellant had made no answer in the trial court where both the appellee and the trial court thought the action to be because of the aforementioned failure in notice. The appellant also had made no answer or defense in the United States District Court where he thought the action to be.

On February 5, 1982, the trial court granted and entered the default judgment. The appellant appeared and made a motion to set aside the default judgment on February 16, 1982, because the second petition for removal had not been remanded. Prior to ruling on this motion, the United States District Court, on April 1, 1982, dismissed the second petition for removal as being defective. The appellant, then, asked the trial court for leave to file an answer and

counterclaim and to amend its motion to set aside the default judgment.

On August 6, 1982, the trial court denied the motion to set aside the judgment.

The issue before this Court is whether the trial court abused its discretion in failing to set aside the default judgment.

■ The law clearly disfavors default judgments. *Bargo v. Lewis*, Ky., 305 S.W.2d 757 (1957). Moreover, the trial court has wide discretion to set aside a default judgment. *Northcutt v. Nicholson*, 246 Ky. 641, 55 S.W.2d 659 (1932). The moving party, however, cannot have the judgment set aside and achieve his day in court if he cannot show good cause and a meritorious defense. CR 55.02; *Jacobs v. Bell*, Ky., 441 S.W.2d 448 (1969). Good cause is most commonly defined as a timely showing of the circumstances under which the default judgment was procured. The appellant asserts that his reliance on the removal of the trial court's jurisdiction to the United States District Court is a sufficient showing of good cause. This Court does not agree.

■ Federal, not state, law governs all removal proceedings. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). Removal of jurisdiction is effected after the movant files a petition and bond, gives notice to all adverse parties, and files a copy of the petition with the clerk of the state court. 28 U.S.C. § 1446(e). Once these steps are completed, the state court loses jurisdiction over the case unless and until the case is remanded by the federal court. *Id.* The removal is effective the date of the petition. *Howes v. Childers*, 426 F.Supp. 358 (W.D. Ky.1977); *contra*, Wright, Miller & Cooper, 14 *Federal Practice & Procedure* § 3737 (1976). Since the state court retains its jurisdiction until it is notified of the removal petition, this procedure allows an interim period between the filing of the petition and the notice to the parties and the state court where the federal and state courts both have jurisdiction. *Beberian v. Gibney*, 514 F.2d 790 (1st Cir.1975), *Howes, supra*.

Dual jurisdiction remained in the instant case at least until February 16, 1982, when the appellant's motion to set aside the default judgment first notified the appellee and the trial court of the second petition for removal. *See Medrano v. State of Texas,* 580 F.2d 803 (5th Cir.1978). Where no notice, actual or constructive, is given to the state court, the trial court's actions are not void. *Id.* Obviously, conflicting actions can occur.

■ Most courts find concurrent jurisdiction means nothing more than that once the state court is notified of the removal, federal jurisdiction predominates in any conflicting actions during this interim period. 1A *Moore's Federal Practice* 0.168 [.3–8] (1983); *Howes, supra; contra;* Wright § 3737. In effect, then, the federal court can overturn any default judgment that had been granted during the period of dual jurisdiction. *Id.* Where, as in the case at bar, the federal court dismisses the petition, the removing party's only recourse is a motion to set aside the judgment, and reliance on his petition for removal as good cause may fail. When the removing party fails to answer in compliance with either CR 12.01 or Fed.R.Civ.P. 81, the trial court does not abuse its discretion in finding such reliance inadequate as good cause.

■ CR 12.01 requires a defendant to serve his answer within twenty (20) days after service of the summons upon him. The appellant waited almost seven (7) months before he served the appellee with his answer. The default judgment was not granted until over three (3) months had elapsed after the time the appellant was required to tender his answer. The appellant's failure to file a timely answer is sufficient basis for a default judgment, and the appellant is not entitled to have the judgment set aside unless he can show reasonable excuse for the delay in answering and establish that he is not guilty of unreasonable delay. CR 55.01; *Terrafirma, Inc. v. Krogdahl,* Ky., 380 S.W.2d 86 (1964).

■ The appellant's assertion that he believed the case had been removed is an unreasonable excuse when he has not complied with Fed.R.Civ.P. 81. This rule attempts to resolve the potential conflicts between the thirty (30) days allowed for removal under 28 U.S.C. § 1446, the twenty days allowed for an answer under Fed.R.Civ.P. 12, and the various times allowed for answers under state rules by providing,

> In a removed action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longer.

Fed.R.Civ.P. 81(c). The removing party, then, can wait until the longer of twenty (20) days after service or summons or five (5) days after the removal petition to answer the complaint and need not comply with state rules. The party, however, must answer. The appellant's failure to answer pursuant to this rule belies his reliance on the removal proceedings and precludes his using this reliance as an excuse for delay.

■ The appellant's reply brief suggests that good cause is further established because notice of the February 5, 1982 hearing was required by CR 55.01 and he received no notice. The record presents conflicting evidence as to whether the appellant received notice of the hearing. CR 55.01, however, requires notice only when the party has made an appearance before the court. *Pound Mill Coal Co. v. Pennington,* Ky., 309 S.W.2d 772 (1958). While appellant argues the filing of the first petition for removal is an appearance, he has not appeared. The general rule of law holds that "in the federal or state courts a petition for the removal of a cause to a federal court and the proceedings thereon do not constitute an appearance which waives jurisdictional objections or prevents defendant from being in default for want

of appearance." 6 C.J.S. *Appearances* § 32 (1975).

The word "appeared" in CR 55.01 means the defendant has so participated in the action as to indicate an intention to defend. *Smith v. Gadd,* Ky., 280 S.W.2d 495 (1955). The appellant's failure to answer in any court for seven months contradicts any intention to defend and makes unnecessary the resolution of whether the appellant received notice.

The trial court did not abuse its discretion in finding the appellant failed to show good cause. His failure to show good cause obviates any need for this court to determine whether the appellant presented a meritorious defense.

The judgment is affirmed.

All concur.