**L & O PARTNERSHIP NO. 2, an Illinois limited partnership, American National Bank and Trust Company of Chicago, as Trustee under Trust No. 67592, Plaintiffs,**

v.

**AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation, Defendant.**

**No. 90 C 6667.**

United States District Court, N.D. Illinois, E.D.

March 28, 1991.

Michael A. Braun, Lee M. Weisz, Braun & Rivkin, Samuel William Ach, Harry C. Krasnow, Butler, Rubin, Newcomer, Saltarelli, Boyd & Krasnow, Chicago, Ill., for plaintiffs.

John F. Pollick, David Scott Grosky, Robert Michael Fishman, Ross & Hardies, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

On October 9, 1990, plaintiffs L & O Partnership and American National Bank and Trust Company of Chicago (collectively "L & O") filed in the Chancery Division of the Circuit Court of Cook County a declaratory judgment action to determine the rights of the parties under a mortgage note secured by a parcel of land in Chicago. Defendant Aetna Casualty and Surety Company ("Aetna") filed a petition to remove this action to federal court on November 15, 1990. Claiming that Aetna's removal petition was untimely, L & O now urges this court to remand the action to state court. For the following reasons, that motion is denied.

## DISCUSSION

Section 1446(b) of the federal judicial code establishes a thirty-day window for the filing of a petition for removal to federal court:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

28 U.S.C. § 1446(b) (1988). L & O argues that Aetna's removal petition, which was filed on November 15, does not comply with section 1446(b) because pursuant to Federal Rule of Civil Procedure 6(e), Aetna is deemed to have received L & O's initial pleading by October 12, 1990, three days after L & O mailed to Aetna a courtesy copy of its complaint in this action and over thirty days before the removal petition was filed.

▌ Rule 6(e)'s three-day extension, however, does not apply to the computation of time in this context. *Uni–Bond, Ltd. v. Schultz*, 607 F.Supp. 1361, 1365 (E.D.Wis. 1985). Rather, the thirty-day period begins to run when the initial pleading is actually received by the defendant. *Id.;* 14A C. Wright, A. Miller & E. Cooper *Federal Practice and Procedure* § 3732, at 513 (2d ed. 1985). Through the sworn affidavit of its attorney John Pollick, Aetna asserts that it did not receive the courtesy copy of the complaint until October 22, 1990, although it secured a copy on October 18, 1990, the same day that it learned of the action from a reporter for *Crain's Chicago Business Magazine.* This version of events, which would place Aetna's removal petition well within the thirty-day timeframe, is corroborated by Aetna's attorneys' time sheets and other documentary evidence. None of L & O's proffered exhibits or affidavits suggests that Aetna actually received the complaint on or before October 14, 1990; the statement of Michael Braun, one of L & O's attorneys, that he spoke with John Pollick by telephone "[o]n or about October 18, 1990," and that John Pollick, during this conversation, "expressly agreed that delivery of the courtesy copy of plaintiff's complaint to him constituted good service upon his client" (Braun Aff. ¶ 2) at best establishes actual receipt on October 18.[1] That Aetna's assertions charge the U.S. Postal Service with taking twelve days, until October 22, 1990, to deliver the courtesy copy may render Aetna's argument somewhat hard to believe but does not support a conclusion

---

1. Aetna's contention that this conversation took place on October 24, 1990, is more persuasive in light of John Pollick's time sheets, which document a conversation with Michael Braun on that date, and the uncertainty reflected in the phrase "on or about."

that Aetna actually received a copy of the complaint on or before October 14, 1990. *See Uni–Bond*, 607 F.Supp. at 1365.

■ Apparently recognizing the futility of its timeliness argument, L & O argues in its reply memorandum that this action must be remanded because Aetna failed to notify L & O of the petition for removal. Although arguments raised for the first time in reply memoranda generally need not be considered by the court, *see W.E. O'Neil Constr. Co. v. National Union Fire Insurance Co.*, 721 F.Supp. 984, 999–1000 (N.D.Ill.1989), Aetna has had ample opportunity, through a surreply memorandum, to respond to L & O's new theory, and therefore we will address the merits of the argument. *Cf. Three D Departments, Inc. v. K Mart Corp.*, 732 F.Supp. 901, 905 n. 6 (N.D.Ill.1990) (court usually ignores arguments raised for the first time in a reply memorandum because they "deprive[ ] the other side of a response"). *But cf. Muellner v. Mars, Inc.*, 714 F.Supp. 351, 353 (N.D.Ill.1989) (policy of requiring all arguments in favor of a motion to be advanced in the initial memorandum is intended to "ensure[ ] orderly and efficient briefing").

The notice requirement that L & O claims was not satisfied is contained in 28 U.S.C. § 1446(d) (1988) [2], which provides:

> Promptly after the filing of such petition for the removal of a civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

■ To effect removal, a defendant must comply with all of the requirements of section 1446(d). *See Jones v. Cargill Nutrena Feed Division*, 665 F.Supp. 907, 908 (S.D.Ala.1987). Claiming that it never re-

ceived from Aetna notice of removal in this case and that it learned of the removal on November 5, 1990, when Michael Braun, its lawyer, received an appearance and rule 39 affidavit form from the clerk of the federal court, L & O implies that Aetna never attempted to notify plaintiffs of its removal petition and contends that the motion for remand should be granted on these grounds.

■ Aetna's documented attempt to notify L & O of its petition appears credible and uncontroverted, however. The notices of removal and supporting documents were signed by David Grosky, a lawyer for Aetna, and were handed to his secretary Mia Gordon, who took the documents to the firm's duplicating department and made copies. The original and several copies were personally filed by David Grosky; the remaining copies were retained by Mia Gordon for mailing. A certificate of service filed in federal court on November 15, 1990, indicates that the copies were mailed both to Michael Braun and the American National Bank and Trust Company of Chicago.[3] Although Aetna's affidavits do not establish that the notice documents were in fact mailed to plaintiffs, they do lay out the ordinary office procedure in effect during November 1990; Mia Gordon stuffed and sealed the envelope(s) and either took them to the mail room within the firm or placed them in the interoffice mailbox for pickup by clerks, who in turn took the envelope(s) to the mail room. Why the documents were never received by L & O, Aetna confesses, it cannot explain; Aetna notes, however, that it did not receive any returned envelopes or other communication suggesting that the mailing had not been received. Despite this mystery, we credit Aetna's representation that notification was attempted in good faith.

That conclusion does not resolve the dispute, however. Circling around section 1446(d)'s requirement of prompt notice, the

---

**2.** Before the 1988 removal amendments, § 1446(d) was codified at § 1446(e); the amendments did not affect the substance of this provision, however. *See* 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.168[3.–8–1], at 613 (2d ed. 1990).

**3.** The record also contains an amended certificate of filing and service, which were filed in federal court on November 16, 1990.

parties couch their dispute in terms of whether the delay was justified. L & O contends that remand is warranted because Aetna's "phantom service" is tantamount to—indeed worse than—unnecessary delay, while Aetna, stressing that it acted in good faith, claims that the delay was not undue. But the notice issue in this case is not about whether or not the delay was undue; the concept of "delay" simply is not relevant where, as here, defendants attempted immediately but ultimately unsuccessfully to notify plaintiff of its removal petition. And there is some authority indicating that justifiable failure to notify does not protect a well-intentioned defendant from remand. In *Kovell v. Pennsylvania Railroad Co.*, 129 F.Supp. 906 (N.D.Ohio 1954), the defendant's notice was mailed to the plaintiff's address as listed in the telephone book, which proved to be inaccurate; plaintiff never received the notice. Finding that the defendant's lawyer "diligently and in good faith attempted to give prompt notice to plaintiff of the filing of the petition for removal," 129 F.Supp. at 907, the court nevertheless granted plaintiff's motion to remand, placing on the defendant "[t]he burden ... to establish that the notice was given," *id.*, and refusing to excuse strict compliance unless the attempt to give notice is "rendered ineffective by action of the adverse party." 129 F.Supp. at 908; *cf. W.F.H. Schultz, Inc. v. Glidden Co.*, 275 F.Supp. 955 (N.D.Ga.1967).

We respectfully differ from the view espoused in *Kovell.* Certainly the plain language of section 1446(d) does not compel so strict a construction; that provision merely directs that "the defendant or defendants *shall give* written notice" promptly (emphasis added). Where defendants make a good faith effort to give notice, and where plaintiffs suffer no prejudice as a result of the failure of that attempt, we think that the

requirements of section 1446(d) are sufficiently fulfilled to effect removal. To hold otherwise would hinge the success of removal on the vagaries of the postal service and in-house mailrooms; that approach clearly does not advance the purposes of the removal statutes.[4]

L & O certainly has not pointed to any evidence of prejudice in this case; indeed, it did not even think to raise the issue of lack of notice until January 10, 1991, nearly a month after it learned of the removal. In these circumstances, we find it inappropriate to order this case remanded to the state court.

## CONCLUSION

For the foregoing reasons, L & O's motion to remand is denied.

---

**4.** Alternatively we could consider Aetna's response to L & O's motion to remand to constitute notice of removal. In that memorandum, Aetna explicitly states that it filed a petition for removal on November 15, 1990 (Defendant's Response at 5); language in a brief filed by a defendant in federal court indicating that a removal petition had been filed has been held to constitute sufficient notice of removal. *See*

*W.F.H. Schultz,* 275 F.Supp. at 957. The delay between the filing of the actual petition and the notice (in the form of the memorandum) may be considered excusable because of Aetna's ignorance of the failure of its first attempt to notify L & O. This contrived—but plausible—scenario suggests that a rule of good faith effort and lack of prejudice is proper.