RENDERED: SEPTEMBER 26, 2019
TO BE PUBLISHED

# Supreme Court of Kentucky

2017-SC-000675-DG



VERRALAB JA LLC, A/K/A VLJA, LLC
D/B/A BIOTAP MEDICAL

APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
CASE NO. 2015-CA-000284-MR
JEFFERSON CIRCUIT COURT NO. 14-CI-002806

DR. SENAD CEMERLIC AND ABG PAIN
MANAGEMENT

APPELLEES

## OPINION OF THE COURT BY JUSTICE WRIGHT

## REVERSING AND REINSTATING IN PART

### I. BACKGROUND

Appellees, Dr. Senad Cemerlic, a Delaware resident, and ABG Pain

Management (a Delaware LLC of which Dr. Cemerlic is the sole member)

entered into an agreement with Appellant, VerraLab, a Kentucky LLC. Under

the agreement, VerraLab would install, operate, and maintain a laboratory in

Delaware to provide clinical drug testing for Dr. Cemerlic's patients at the ABG

pain clinic in exchange for certain fees. VerraLab filed a complaint in Jefferson

Circuit Court alleging Cemerlic and ABG failed to pay for services and

materials totaling nearly $217,000. Because Appellees were outside the

Commonwealth of Kentucky, Cemerlic and ABG were served through the

Secretary of State pursuant to Kentucky Revised Statutes (KRS) 454.210.[1]

In keeping with KRS 454.210's requirements, the Secretary of State

served Cermerlic and ABG with the summonses and accompanying documents

---

[1] Subsection (3) of KRS 454.210 provides the means by which service shall be affected over nonresidents:

(3)(a) When personal jurisdiction is authorized by this section, service of process may be made:

> 1. In any manner authorized by the Kentucky Rules of Civil Procedure;
>
> 2. On such person, or any agent of such person, in any county in this Commonwealth, where he may be found; or
>
> 3. On the Secretary of State who, for this purpose, shall be deemed to be the statutory agent of such person.

(b) The clerk of the court in which the action is brought shall issue a summons against the defendant named in the complaint. The clerk shall execute the summons either by:

> 1. Sending by certified mail two (2) true copies to the Secretary of State and shall also mail with the summons two (2) attested copies of plaintiff's complaint; or
>
> 2. Transmitting an electronically attested copy of the complaint and summons to the Secretary of State via the Kentucky Court of Justice electronic filing system.

(c) The Secretary of State shall, within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant at the address given in the complaint. The letter shall be posted by certified mail, return receipt requested, and shall bear the return address of the Secretary of State. The clerk shall make the usual return to the court, and in addition the Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any. Summons shall be deemed to be served on the return of the Secretary of State and the action shall proceed as provided in the Rules of Civil Procedure.

(d) The clerk mailing the summons to the Secretary of State shall mail to him, at the same time, a fee of ten dollars ($10), which shall be taxed as costs in the action. The fee for a summons transmitted electronically pursuant to this subsection shall be transmitted to the Secretary of State on a periodic basis.

regarding VerraLab's lawsuit by mailing the documents certified mail with return receipt requested. However, Cemerlic refused to accept the mail from the Kentucky Secretary of State. By this point, VerraLab asserts it had already sent Cemerlic and ABG statements and a demand letter requesting payment that had gone unanswered. The summonses and other documents mailed by the Secretary of State were returned marked "refused"—with both envelopes bearing the handwritten word as well as a large sticker with "REFUSED" appearing in capital typeface.

After the service was returned, VerraLab filed a motion for default judgment. Its attorney informed the trial court that Cemerlic and ABG had failed to answer or file any other responsive pleading and that they had been served through the Secretary of State's office. VerraLab's president also filed an affidavit in support of the motion which included the parties' agreement and the invoices for the services and materials for which Cemerlic and ABG had not paid, totaling almost $217,000 plus interest.

The circuit court granted the default judgment, awarding the full amount sought to VerraLab plus interest and attorney fees and costs. VerraLab then sent a notice to Cemerlic (to the same address at which he had refused to accept the certified mail from the Kentucky Secretary of State) to take a deposition. Two weeks later, an attorney entered an appearance for Cemerlic and ABG and filed a motion to set aside the default judgment. That motion included an affidavit from Cemerlic including his address (the same address utilized by the Secretary of State). However, in it, he stated that he was never

3

served with a copy of the complaint and only learned of the adverse judgment when VerraLab sent the notice of deposition. He also disputed that he and ABG were in breach of contract or owed any amount to VerraLab.

At a hearing on the motion, Cemerlic and ABG argued they had not been served, as Cemerlic did not know the contents of the envelopes he refused to accept from the Secretary of State and did not otherwise know of the lawsuit until the deposition notice. Appellees requested the default judgment be set aside as they were not served, did not breach the contract, and there would be no prejudice to VerraLab as they acted as soon as they had notice. VerraLab argued the service was effective under KRS 454.210, as it had been made to an admittedly good address, it had already sent Appellees a demand letter, and a deliberate refusal of mail could not qualify as a good reason to set aside a default judgment.

The circuit court denied Cemerlic and ABG's motion to set aside. Cemerlic and ABG appealed to the Court of Appeals, which agreed with the trial court that service had been made upon Cemerlic and ABG pursuant to KRS 454.210. However, that court held that the trial court had abused its discretion in denying Cemerlic and ABG's motion to set aside the default judgment. Therefore, it reversed and remanded the matter to the trial court for it to hear the case on the merits. VerraLab sought discretionary review from this Court, which we granted. We now reverse the Court of Appeals and reinstate the trial court's denial of Cemerlic and ABG's motion to set aside the default judgment.

4

## II. ANALYSIS

Cemerlic and ABG did not file a cross-motion for discretionary review concerning the Court of Appeals' holding that service on the doctor and his LLC was effectuated. Therefore, we will not address that issue herein and that portion of the Court of Appeals' opinion stands. The sole issue we will address is VerraLab's claim of error: whether the Court of Appeals erred in holding that the trial court had abused its discretion in denying Cemerlic and ABG's motion to set aside the default judgment.[2]

Trial courts look to our civil rules when determining whether to set aside a default judgment. Kentucky Rules of Civil Procedure (CR) 55.02 provides: "For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." CR 60.02 reads in pertinent part: "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; . . . or (f) any other reason of an extraordinary nature justifying relief."

---

[2] Cemerlic and ABG ask that we strike VerraLab's brief for alleged violations of CR 76.12(4)(c)(iv) which requires ample references to the specific pages of the record in the statement of the case. This claim is without merit, as VerraLab cites to pages in the record no less than nine times in its statement of the case. Appellees also ask that we strike the brief for failing to comply with CR 76.12(4)(c)(v) which requires a statement regarding preservation. However, VerraLab was successful before the trial court and had no need to preserve any purported errors. While VerraLab's brief was stricken from the Court of Appeals, we decline to now hold that it thereby failed to preserve any errors in that opinion for our review. Its position now is the same it asserted at the trial court—that it was entitled to a default judgment against Cemerlic and ABG. That issue is properly before this Court—and we note Cemerlic and ABG failed to file a cross-motion for discretionary review claiming VerraLab's arguments were not properly preserved.

5

On appeal, "[w]e review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). As to default cases, we have held: "[a]bsent some flagrant miscarriage of justice an appellant court should respect the trial court's exercise of discretion in these circumstances." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

Cemerlic and ABG assert that the Court of Appeals was correct in its holding that the trial court abused its discretion. That court was insistent that "[t]he circuit court abused its discretion in denying Cemerlic's and ABG's motion to set aside the default judgment where it treated the refusal of service as dispositive." It also faulted the trial court with its failure to apply the three-part test for good cause to set aside a default judgment outlined in *Perry v. Central Bank & Tr. Co.*, 812 S.W.2d 166, 170 (Ky. App. 1991). In that case, the Court of Appeals discussed three factors, all of which would have to be met to show good cause:

> CR 55.02 provides that a court may set aside a default judgment in accordance with CR 60.02 for good cause shown. Factors to consider in deciding whether to set aside a judgment are: (1) valid excuse for default, (2) meritorious defense, and (3) absence of prejudice to the other party. 7 W. Bertelsman and K.
> Philipps, *Kentucky Practice,* CR 55.02, comment 2 (4th ed. 1984).

6

Interestingly, this Court has considered many cases in this area in the nearly three decades since the Court of Appeals cited the *Kentucky Practice* treatise for these factors, but we can find no case in which we have utilized them—and nor do Cemerlic and ABG cite to any such case from this Court. In fact, in 2009, when analyzing "whether the trial court erred in not setting aside the default judgment," we addressed it as follows: "CR 55.02 allows a trial court to set aside a default if good cause is shown. Good cause is not mere inattention on the part of the defendant . . . ." *Tennill v. Talai,* 277 S.W.3d 248, 250 (Ky. 2009). More recently, we stated, "[t]o establish 'good cause,' the party seeking relief from default judgment must demonstrate that it is not guilty of unreasonable delay or neglect." *Sunz Ins. Co. v. Decker,* 2017-SC-000257-WC, 2018 WL 1960571, at *5 (Ky. Apr. 26, 2018) (citing *Terrafirma, Inc. v. Krogdahl,* 380 S.W.2d 86 (Ky. 1964)).

This Court has stated, "[a]s often noted, default judgments are disfavored and the trial court is vested with broad discretion to set them aside. *See e.g., Educator & Exec. Insurers, Inc. v. Moore,* 505 S.W.2d 176, 178 (Ky. 1974) (asserting that courts should assess motions to set aside default judgments liberally in order that litigants 'may not be deprived of their day in court.')." *Asset Acceptance, LLC v. Moberly,* 241 S.W.3d 329, 332 (Ky. 2007). However, we have never stripped the trial court of its discretion in determining whether to set aside a default judgment. We went on in *Asset Acceptance* to quote a Court of Appeals opinion with approval, noting: "[t]he moving party . . . cannot have the judgment set aside and achieve his day in court if he cannot show

7

good cause and a meritorious defense . . . . Good cause is most commonly defined as a timely showing of the circumstances under which the default judgment was procured." *Id.* (quoting *Green Seed Co., Inc. v. Harrison Tobacco Storage Warehouse, Inc.,* 663 S.W.2d 755, 757 (Ky. App. 1984) (citing *Jacobs v. Bell,* 441 S.W.2d 448 (Ky. 1969)). A showing of both is required—intentional avoidance of service cannot equate to good cause.

Therefore we must now determine if the trial court abused its discretion in denying Cemerlic and ABG's motion to set aside its earlier default judgment. Our case law makes clear that a party seeking to set aside a default judgment must show both good cause and a meritorious defense. Therefore, in the absence of either of these requirements, that party's claim must fail. As to good cause, in their motion to have the default judgment set aside, Cemerlic and ABG asserted:

> The Defendants have a valid excuse for not filing a timely answer because they were never served with the Plaintiff's complaint and had no knowledge of the lawsuit until Plaintiff's counsel sent them the deposition notice . . . . The Plaintiff gave the Court erroneous information when it stated in the Motion for Default Judgment, "The Defendant, Dr. Senad Cemerlic, was served through the Kentucky Secretary of State's Office . . . ."

In exercising its discretion and denying the motion, the trial court stated, "the Defendant's intentional act of refusing process does not alter the effective service pursuant to KRS 454.210."

As noted, the Court of Appeals affirmed the portion of the trial court's rulings wherein it found the service was properly effectuated and that issue was not appealed to this Court. Therefore, we are now determining whether

8

the trial court abused its discretion in relying on little more than the adequacy of the service in its denial. Under the facts of this case, we hold that it did not.

Cemerlic and ABG's effort to show good cause was based upon their assertion that they were never served. They were served. The fact that Cemerlic chose to refuse a certified letter from the Secretary of State in a state in which it had business contacts and in which an entity with which it had a contract for goods and services does not amount to a good reason to later have a default motion set aside. We have held "[g]ood cause is not mere inattention on the part of the defendant." *Tennill*, 277 S.W.3d at 250. Inattention does not equate to good cause; therefore, an affirmative action taken to avoid service of process (such as the refusal of certified mail in this case) is abusive of the system and certainly falls short of good cause.

Cemerlic and ABG cannot avoid service, claim it was ineffective and that the opposing party is providing erroneous information to the trial court otherwise, and then succeed in having the trial court's discretionary act in denying its attempt for another bite at the apple overturned on appeal.

### III. CONCLUSION

For the aforementioned reasons, we reverse the Court of Appeals as to the portion of its holding appealed to this Court. The portion of the Court of Appeals' opinion which held service was properly effectuated and was not appealed to this Court stands. The trial court's order denying Cemerlic and ABG's motion to have the default judgment set aside is reinstated.

All sitting. All concur.

9

COUNSEL FOR APPELLANT:

Robert William DeWees III
McClain DeWees, PLLC

Sarah Patterson Harris
McClain DeWees, PLLC


COUNSEL FOR APPELLEES:

Andrew Epstein
Bahe, Cook, Cantley & Nefzger